■ LAWRENCE B. JORGENSEN et al., Respondents, v GREAT ATLANTIC & PACIFIC TEA Co., Doing Business as A & P, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from so much of a judgment of the Supreme Court, Suffolk County (Harwood, J.), dated October 30, 1984, as, upon a jury verdict finding that the plaintiff Lawrence Jorgensen was 50% at fault and the defendant was 50% at fault in the happening of the accident and determining the plaintiff Lawrence Jorgensen's damages to be $140,000 and the plaintiff Mary Lou Jorgensen's damages to be $18,000, awarded them the principal sums of $70,000 and $9,000, respectively.

Judgment reversed insofar as appealed from, on the facts

and as an exercise of discretion, with costs, and a new trial granted on the issue of damages only, unless within 20 days after service upon the plaintiffs of a copy of the order to be made hereon, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $40,000 as to the plaintiff Lawrence Jorgensen and $6,000 as to the plaintiff Mary Lou Jorgensen. In the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, with costs.

The plaintiffs instituted the instant action seeking to recover damages for personal injuries, etc., allegedly sustained when Lawrence Jorgensen slipped on a liquid substance on the floor of a supermarket operated by the defendant in Suffolk County, New York. In addition to the recovery of damages for personal injuries, the plaintiffs also sought to establish that the pain resulting from injuries sustained during the fall reduced Lawrence's physical activity and caused him to gain excessive amounts of weight, requiring that he undergo a surgical procedure known as a gastroplasty, i.e., a surgical stapling of the stomach so as to induce weight loss. The gastroplasty was performed by a surgeon conducting a weight management program at Stony Brook University in which Lawrence was enrolled. Because Lawrence had complained of severe depression, he was counseled by a psychologist who rendered a brief report to the plaintiffs' counsel approximately one year prior to the trial of the action. Although prior to the issuance of the report, defense counsel by written demand had requested, *inter alia*, "any and all * * * medical data * * * upon which the plaintiff(s) will rely" the psychologist's report was not transmitted to the defendant prior to trial. During the damages portion of the trial, both the surgeon performing the gastroplasty and the psychologist testified. Trial Term permitted the psychologist to testify over the defendant's objection that the plaintiff should be precluded from calling the psychologist because his report had not been exchanged in conformity with former section 672.8 of this court's rules (22 NYCRR former 672.8, now 22 NYCRR 202.17). The defendant now contends, *inter alia,* that it is entitled to a new trial on damages because Trial Term erred in permitting the psychologist to testify and because his testimony "seriously prejudiced" the defense of the action.

Former section 672.8 of this court's rules stated, in pertinent part, "no party shall be permitted to offer any evidence

or injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged, nor will the court hear the testimony of any *physician* whose medical reports have not been served as provided by this Part" (22 NYCRR former 672.8 [emphasis added]; *see,* CPLR 3121). Notwithstanding the plaintiffs' failure to serve the report and even assuming arguendo that the rule is appropriately applied to a psychologist's report, on this record we find nothing to suggest that the defense was "seriously prejudiced" by Trial Term's decision to permit the psychologist to testify. In this regard, we note that there is no merit to the defendant's principal contention of prejudice, i.e., the contention that serious prejudice resulted because the psychologist provided crucial testimony establishing a link between Lawrence's slip-and-fall accident and the subsequent surgical procedure claimed to be necessitated by the accident. Contrary to the defendant's contention, the record discloses that the psychologist merely offered his opinion that the injured plaintiff's depression could have been caused by the accident which formed the basis of the lawsuit. Counsel never sought to elicit any opinion evidence calculated to establish that the original accident or any of its alleged psychological sequelae represented competent producing causes of the subsequent surgical procedure. Moreover, at trial there was abundant testimony from a variety of witnesses who stated that Lawrence had experienced a gross personality change and depression following the accident. In fact, both Lawrence and his wife testified that he experienced depression and suicidal tendencies as a result of the debilitating pain allegedly attributable to the injuries suffered during the accident. In light of the foregoing, we find that any error committed by Trial Term in permitting the psychologist to testify that Lawrence's depression could have been caused by the accident did not deprive the defendant of a fair trial and thus furnishes no basis for the granting of a new trial *(see,* 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.02).

The award of damages was excessive to the extent indicated herein. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.