■ HAYDEE C. MORENO, Appellant, v LISA A. ROBERTS et al., Respondents.—Kane, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Jiudice, J.), entered October 31, 1988 in Dutchess County, upon a verdict rendered in favor of defendants.

Plaintiff seeks to recover damages for personal injuries sustained as a result of an automobile accident with defendants on March 13, 1985. At a bifurcated trial on the issue of liability, a verdict was returned apportioning liability 75% to defendants and 25% to plaintiff.

At the subsequent trial on the question of damages, it was the contention of defendants that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court directed the jury to determine as questions of fact through special findings whether plaintiff had suffered (1) a significant disfigurement, (2) a permanent loss of the use of a body function or system, (3) a permanent consequential limitation of use of a body organ or member, or (4) a significant limitation of use of a body function or system. Supreme Court, over defendants' objection, did not include the question of whether plaintiff suffered "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of

the injury or impairment". The jury answered the four questions submitted to it in the negative and a verdict was entered in favor of defendants. This appeal ensued.

Plaintiff contends (1) that Supreme Court erred in not charging the so-called "90/180 day" rule set forth in Insurance Law § 5102 (d), (2) that it was error for Supreme Court to permit defendants' expert medical witness to testify as to his opinion of a causal relationship between plaintiff's injuries and the accident, and (3) that it was error for Supreme Court not to direct a verdict in favor of plaintiff on the issue of whether she sustained a serious injury on the ground that a contrary verdict would be against the weight of the evidence.

We affirm. In our view, Supreme Court did not err in failing to charge the 90/180 day rule as an element of "serious injury" because the record demonstrates insufficient proof to support such a charge. First, we note that the words " 'substantially all' " in the omitted definition "should be construed to mean that the person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment" (*Licari v Elliott,* 57 NY2d 230, 236), and "[i]t is incumbent upon the court to decide in the first instance whether plaintiff has a cause of action to assert within the meaning of the statute" (*supra,* at 237). Here, there was no medical evidence presented to establish that substantially all of plaintiff's usual and customary activities were curtailed to any extent for 90 of the first 180 days following the accident. Dr. Arnold Goran, plaintiff's attending surgeon, did testify that plaintiff would have been disabled from performing a job as a home health care worker or a hairdresser, but plaintiff failed to establish these as her usual activities during the requisite 180 days. Additionally, her first visit to Goran was on March 15, 1987 and his opinion as to disability was based upon plaintiff's condition in May 1988, more than three years after the accident in question. We recognize that "medical evidence" is not necessarily required in every case to establish the requisite period of disability (*see, Motley v Oliveri,* 103 AD2d 988), but plaintiff's own testimony, and that of her son, failed to establish that her customary activities were curtailed during the relevant time frame. The thrust of her case was built around establishing a permanent injury which evolved after the passage of time and the record lacks sufficient testimony specifically directed to her disability during the first 180 days after the accident. To the contrary, there was much evidence to the effect that plaintiff continued her normal activities, including running her store, with minor

inconvenience, for a substantial period of time after the accident. Based upon all the evidence, we conclude that Supreme Court was correct in declining to charge the 90/180 day definition of serious injury *(see, Gootz v Kelly,* 140 AD2d 874, 875-876).

We also reject plaintiff's argument that it was error for Supreme Court to permit defendants' examining physician to testify as to a causal relationship between plaintiff's injuries and the accident on the ground that the pretrial examination reports did not address that issue and, therefore, such testimony surprised plaintiff *(see,* 22 NYCRR 202.17). It is clear from the contents of the reports of Dr. Fiaz Choudhri that the question of causation was placed "in issue", particularly in view of his subsequent diagnosis of congenital spinal stenosis, made after an indication in the first report that he was preparing to make a conclusion on causation. Moreover, prior to Choudhri's testimony at trial, plaintiff moved for a directed verdict on the issue of causation and a limitation of the doctor's testimony on that issue. The clear implication is that causation was an issue throughout the trial such that expert testimony on that issue could not come as a surprise. By either line of reasoning, Supreme Court was correct in allowing the testimony *(see, McLamb v Metropolitan Suburban Bus Auth.,* 139 AD2d 572; *Jorgensen v Great Atl. & Pac. Tea Co.,* 119 AD2d 730).

The final contentions raised by plaintiff were not addressed in the parties' briefs and, accordingly, we need not discuss them *(see, Bloom v Kernan,* 146 AD2d 916). However, we find those contentions, in any event, to be without merit.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.