■ SONDRA BAUERNFEIND, Individually and as Administratrix of the Estate of JOHN BAUERNFEIND, Deceased, Appellant, v ALBANY MEDICAL CENTER HOSPITAL et al., Respondents. [600 NYS2d 516] —Mikoll, J. P. Appeals from two orders of the Supreme Court (Prior, Jr., J.), entered June 25, 1992 and August 4, 1992 in Albany County, which, *inter alia,* granted defendants' motions for an order of preclusion and to dismiss the action on the ground that plaintiff could not prove a prima facie case.

Plaintiff brought this medical malpractice action against defendant Albany Medical Center Hospital (hereinafter AMCH) and defendant Neil Lempert, contending that plaintiff's decedent was not properly informed of the procedure and anticipated consequences of a liver transplant and that his submission to the surgery was without informed consent. Defendants served a demand for experts' names pursuant to CPLR 3101 (d) upon plaintiff on December 19, 1985. Plaintiff replied on June 10, 1992, seven years after demand was made and four days before trial, indicating that an expert witness would be called at trial on the issue of informed consent. Defendants rejected the response as untimely and then brought a motion *in limine* to exclude use of expert testimony on the issue of informed consent on the ground that the untimely notification critically undermined defendants' preparation for trial in that defendants, relying on plaintiff's failure to respond to the demand, had not retained an expert on their own behalf. The motion was granted, Supreme Court finding

that no justifiable excuse for the delay was made out in conformity with CPLR 3101. Thereafter, defendants moved for dismissal of the action on the ground that plaintiff, having been precluded from calling an expert on the issue of informed consent, could not establish a prima facie case, which motion was also granted. This appeal by plaintiff ensued.

There should be an affirmance. We find no compelling argument to disturb Supreme Court's orders. As noted by Supreme Court, statements by plaintiff's counsel indicate that a medical expert was retained by plaintiff as early as February 1988 and plaintiff failed to reveal this to defendants for no explained reason. We concur with Supreme Court that plaintiff's failure to notify defendants until four days before trial critically undermined defendants' preparation of a defense in that defendants were reasonably led to believe that plaintiff would not present an expert on the issue of informed consent at trial. CPLR 3101 (d) was intended to provide timely provision of expert witness information between parties so that parties could adequately and thoroughly prepare for trial. Here, the noncompliance was willful in that plaintiff had retained Robert Mendelsohn in February 1988 to assist her in the preparation of the case. It was incumbent upon plaintiff to disclose the expert information as close to the date of retention as reasonable (see, Saar v Brown & Odabashian, 139 Misc 2d 328, 335). The excuses offered to explain the tardiness fail to constitute good cause.

The dismissal of the action after exclusion of the expert testimony on the issue of informed consent was also justified. CPLR 4401-a mandates a dismissal at the end of a plaintiff's case if the plaintiff fails to adduce expert medical testimony in support of the alleged qualitative insufficiency of consent. Plaintiff contends, based on McDermott v Manhattan Eye, Ear & Throat Hosp. (15 NY2d 20, 29-30), that she intended to call Lempert as an expert to testify as to the insufficiency of the consent signed by plaintiff's decedent. Supreme Court nevertheless dismissed the action.

Plaintiff then moved to vacate Supreme Court's order dismissing the action. Defendants submitted an affidavit by Lempert in opposition in which he stated that as a surgeon involved regularly in renal transplants, he was familiar with the risks, benefits and alternatives to such surgery that should have been disclosed prior to surgery, that neither he nor AMCH deviated in the standard of care with respect to the disclosures given to plaintiff's decedent and plaintiff prior to the transplant, and that this would be his testimony at trial.

In view of this affirmation, plaintiff's reliance on *McDermott v Manhattan Eye, Ear & Throat Hosp. (supra)* is to no avail. Absent the testimony of an expert on the issue of informed consent, plaintiff's cause of action was subject to dismissal *(see,* CPLR 4401-a).

Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the orders are affirmed, with costs.