■ VIGILANT INSURANCE COMPANY, Appellant, v ROBERT BARNES, Respondent. (And a Third-Party Action.) [604 NYS2d 248] —In a subrogation action to recover for damage to property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated September 4, 1991, which granted the defendant's motion to preclude the testimony of three expert witnesses on the ground that the plaintiff had failed to timely disclose the names of the witnesses pursuant to CPLR 3101 (d) (1) (i).

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 3101 (d) (1) (i), a party must, upon demand, "identify each person whom the party expects to call as an expert witness at trial" and "disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion". The statute further provides, in essence, that upon a showing of good cause, a party's retention of an expert near to the time of trial need not result in preclusion of the expert's testimony.

In the instant case, the plaintiff failed to provide an adequate explanation for its failure to disclose the names of three expert witnesses until the eve of trial and otherwise failed to make a showing of good cause for its delay. The defendant herein served a demand pursuant to CPLR 3101 (d) for the names and other pertinent information concerning the expert witnesses in January 1989. When the plaintiff responded over a year later in February 1990, it did not include the names of the expert witnesses. Over a year and one-half later, in August 1991, just three weeks before the scheduled trial date, the plaintiff disclosed for the first time the names of the three expert witnesses, even though it is clear from the record that the plaintiff must have been aware from the very outset of the litigation that it would be calling these witnesses. The defendant moved pursuant to CPLR 3126, prior to the commencement of the trial, to preclude the plaintiff from utilizing the testimony of the three expert witnesses on the ground that the plaintiff had failed to timely disclose their names as required by CPLR 3101 (d) (1) (ii). The court granted the motion.

Under the circumstances of this case, the trial court's order of preclusion cannot be deemed an improvident exercise of discretion (see, Bauernfeind v Albany Med. Ctr. Hosp., 195

AD2d 819; *see also, Corning v Carling,* 178 AD2d 576; CPLR 3126 [2]). The plaintiff's contention that the defendant should have surmised the identities of the witnesses from documents attached to the bill of particulars is without merit. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.