■ MARIANN GRASSEL, as Administrator of the Estate of GEORGE GRASSEL, Deceased, Respondent, v ALBANY MEDICAL

CENTER HOSPITAL et al., Appellants. [636 NYS2d 154] —Crew III, J. Appeals (1) from that part of an order of the Supreme Court (Keegan, J.), entered October 6, 1994 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint, and (2) from an order of said court, entered February 10, 1995 in Albany County, which, upon reconsideration, vacated so much of Supreme Court's prior order as precluded expert witness testimony on behalf of plaintiff at trial.

Plaintiff commenced this medical malpractice action against defendants in April 1990 seeking damages related to the care and treatment rendered to her son. In July 1993 plaintiff filed a note of issue and statement of readiness, and in January 1994 Supreme Court set a day certain for trial of September 12, 1994. On September 8, 1994, during a telephone conference between Supreme Court and counsel for the parties, an issue was raised regarding plaintiff's failure to serve a response to defendants' respective expert witness demands. The parties appeared for a conference the following day, at which time defendants moved to preclude plaintiff from offering expert witness testimony at trial due to her failure to comply with CPLR 3101 (d) (1) (i) and for summary judgment dismissing the complaint. By order entered October 6, 1994, Supreme Court, *inter alia*, granted defendants' preclusion motion and denied defendants' motion for summary judgment dismissing the complaint. Plaintiff thereafter moved for reconsideration, and by order entered February 10, 1995, Supreme Court granted said motion and vacated that portion of its prior order precluding plaintiff and certain defendants from offering expert witness testimony at trial. These appeals by defendants followed.

Initially, we agree with defendants that Supreme Court erred in granting plaintiff's motion for renewal and/or reargument. It is well settled that a motion to renew must be based upon newly discovered evidence that was not available when the original motion was made and must include a justifiable excuse for not placing such new and material facts before the court in the first instance (*see, Wagman v Village of Catskill*, 213 AD2d 775, 775-776; *Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783; *Matter of Albany Community Dev. Agency v Abdelgader*, 205 AD2d 905, 905-906). Although this standard is somewhat flexible (*see, Ramsco, Inc. v Riozzi*, 210 AD2d 592, 593), plaintiff nonetheless has failed to meet it here.

Even assuming that the particular circumstances surrounding plaintiff's delay in obtaining experts may be characterized as newly discovered evidence, plaintiff has failed to offer a justifiable excuse for not placing such facts before the court at the

time the oral preclusion motion was made on September 9, 1994. Although plaintiff indeed was represented by two different attorneys from the same office at the September 8, 1994 and September 9, 1994 conferences, the attorney who appeared before Supreme Court on September 9, 1994 acknowledged that she was advised by her colleague that an issue had been raised the day before regarding the timeliness of plaintiff's expert witness responses and, as such, counsel should have been prepared to address and defend that issue at the September 9, 1994 conference. Similarly, as plaintiff's moving papers fail to demonstrate that Supreme Court overlooked or misapprehended the relevant facts or law, or otherwise mistakenly arrived at its earlier decision in this matter (*see, Matter of Mayer v National Arts Club*, 192 AD2d 863, 865), the standard for leave to reargue has not been met. Accordingly, Supreme Court abused its discretion in granting plaintiff's motion for reconsideration.* Finally, inasmuch as plaintiff cannot establish a prima facie case without the benefit of expert testimony, Supreme Court also erred in failing to grant defendants' motions for summary judgment dismissing the complaint (*see, Lasek v Nachtigall*, 189 AD2d 749, 750; *cf., Bauernfeind v Albany Med. Ctr. Hosp.*, 195 AD2d 819, 820, *lv dismissed, lv denied* 82 NY2d 885; *compare, Ingleston v Francis*, 206 AD2d 745, 746).

Mercure, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order entered October 6, 1994 is modified, on the law, with one bill of costs to defendants, by reversing so much thereof as denied defendants' motions for summary judgment dismissing the complaint; said motions granted, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed. Ordered that the order entered February 10, 1995 is modified, on the law and the facts, with one bill of costs to defendants, by reversing so much thereof as granted plaintiff certain relief upon reconsideration; motion for reconsideration denied; and, as so modified, affirmed.

---

* Were we to reach the merits, we would find that plaintiff failed to demonstrate good cause for her delay in responding to defendants' demands for expert witnesses and, as a result, defendants' preclusion motion was properly granted (*see generally, Cramer v Spada*, 203 AD2d 739, *lv denied* 84 NY2d 809; *Vigilant Ins. Co. v Barnes*, 199 AD2d 257).