WALDEMAR MANKOWSKI et al., Appellants, v TWO PARK COMPANY, Respondent, and AMERICAN SAVINGS BANK, Defendant and Third-Party Plaintiff-Respondent. NATIONAL CLEANING CONTRACTORS, INC., Third-Party Defendant-Respondent.
[639 NYS2d 847]

The Supreme Court providently exercised its discretion in precluding the use of an expert and any expert affidavit due to the plaintiffs' failure to timely respond to disclosure demands *(see,* CPLR 3101 [d] [1]; *Vigilant Ins. Co. v Barnes,* 199 AD2d 257; *Bauernfeind v Albany Med. Ctr. Hosp.,* 195 AD2d 819; *Robinson v New York City Hous. Auth.,* 183 AD2d 434, 435). Accordingly, summary judgment was warranted as the plaintiffs could not make a *prima facie* showing that the respondents either created the alleged defective condition that caused the injured plaintiff's fall or that they had actual or constructive notice of the condition *(see, e.g., Bauernfeind v Albany Med. Ctr. Hosp., supra; Robinson v New York City Hous. Auth., supra; see also, Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969; *Cafiero v Inserra Supermarkets,* 195 AD2d 681, 682, *affd* 82 NY2d 787; *Pirillo v Longwood Assocs.,* 179 AD2d

744, 745). Even if this Court were to consider the expert affidavits and photographs which were based on an examination of the steps some two years after the incident, the evidence is wholly conclusory and fails to establish that a hazardous condition existed on the day of the incident or that the respondents had any notice, actual or constructive, of the alleged hazardous condition (see, Murphy v Conner, 84 NY2d 969, 972, citing Trimarco v Klein, 56 NY2d 98, 106; Anis v Associated Rest. Mgt. Corp., 202 AD2d 459, 460; Drillings v Beth Israel Med. Ctr., 200 AD2d 381, 382).

The appeal from the denial of the plaintiffs' motion, denominated as a motion for renewal and reargument, is dismissed. The motion was actually one for reargument as the alleged "new" evidence contained in a second affidavit by the same expert was within the plaintiffs' knowledge at the time of the original motions (see, Grassel v Albany Med. Ctr. Hosp., 223 AD2d 803; Drillings v Beth Israel Med. Ctr., supra, at 382; Dunn v American Home Assur. Co., 158 AD2d 505, 507). No appeal lies from the denial of reargument.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Altman and Friedmann, JJ., concur.