■ Ellsworth Stedman et al., Appellants, v Alain M. Bouillon et al., Defendants and Third-Party Plaintiffs-Respondents. K.C. Bryan, Inc., Third-Party Defendant-Respondent. [651 NYS2d 685] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Connor, J.), entered August 28, 1995 in Greene County, upon a verdict rendered in favor of plaintiffs.

The issue before us is whether the jury's award of damages to plaintiffs deviated materially from what would be considered reasonable compensation under the circumstances.

On September 10, 1991, while working to reattach some wires to a utility pole on defendants' property, plaintiff Ellsworth Stedman (hereinafter plaintiff) fell off a ladder from a height of 18 to 25 feet. Plaintiff was employed by third-party defendant. Plaintiff had climbed the pole to reattach wires to

an electrical power line at the direction of third-party defendant. When he touched the wires, he was electrocuted. The jolt threw him off the pole. Plaintiff sustained severe injuries including electrical burns, a fractured pelvis, a broken neck, a c-spine injury and other numerous injuries. No safety devices were provided for him nor did he use any. The power, thought to have been shut off to the lines, was on, electrocuting plaintiff.

Plaintiff and his wife, derivatively, commenced this action against defendants alleging violations of Labor Law §§ 200, 240 and 241 (6). Defendants commenced a third-party action against third-party defendant for indemnification. Plaintiffs moved for summary judgment on their first cause of action alleging a violation of Labor Law § 240 based on defendants' failure to provide safety equipment for plaintiff. Defendants cross-moved for summary judgment against third-party defendant for common-law indemnification. Supreme Court granted plaintiffs' motion and denied defendants' cross motion, holding that issues of fact remained to be decided by the jury. The case proceeded to trial on the question of damages and liability between defendants and third-party defendant. The jury found third-party defendant to be 100% negligent and its negligence to be the proximate cause of plaintiff's injuries. He was awarded $280,000 for medical expenses, $175,000 for past pain and suffering and $100,000 for future pain and suffering. Plaintiff's wife was awarded $18,000 on her derivative claim. Plaintiffs' motion to set aside the verdict as inadequate was denied. Plaintiffs appeal.

In determining whether the jury's verdict was inadequate, this Court must consider whether "the jury award 'deviate[d] materially from what would be reasonable compensation' " (*Wagner v Kenific*, 161 AD2d 1092, 1094, quoting CPLR 5501 [c]). Factors to be considered in assessing the adequacy of a jury verdict include the life-threatening nature of the injuries, the length of hospitalization, the complications experienced and additional surgeries required, the drugs necessary to stabilize plaintiff's condition and to relieve pain, the length of posthospital convalescence and the success of the outcome (*see, Dunn v Moss*, 193 AD2d 983, 985-986).

The record discloses that plaintiff was in the intensive care unit from September 10, 1991 until November 27, 1991 and hospitalized until January 5, 1992. He was brought into the hospital near death. Extreme measures had to be taken to save him. These included making an incision in his abdomen to allow his intestine and abdominal contents to eviscerate out to

relieve the internal pressure in order to save his life. Several later procedures were involved to repair the bulge of the intestines. He had to return to the hospital in June 1992 to repair his abdomen and spent eight days there.

During his early treatment, it was necessary to paralyze plaintiff's muscles to allow him to breathe without reflexive opposition and to immobilize him so that his spinal injuries were not complicated by movement. He suffered from severe respiratory distress syndrome. His thoracic cavity, upper extremities, head and neck were massively swollen and bluish due to lack of sufficient oxygen. His painful electrical burns could not be initially treated until the graver injuries were taken care of. He had to wear a halo vest (a metal ring with spikes that go into the skull bone and four metal posts that go to a vest) to prevent the neck from moving and to prevent his further damaging his spine by movement. A ventilator was employed because his injuries interfered with his ability to breathe. When that was removed, a tracheotomy was performed on him. After his ventilator was removed, plaintiff was fitted with a trach collar to assist his breathing.

Pain pills were necessary to relieve his pain and to allow him to sleep throughout his hospital stay. He was in obvious distress as demonstrated by his body movements, moans and depression. His present memory of the period in intensive care is obscured but nonetheless the record clearly demonstrates his pain.

Due to the efforts to improve his breathing, his ability to speak and swallow were affected and he needed therapy to improve swallowing and to prevent him from aspirating food. He also needed therapy to teach him to speak again. For some time he utilized an electro-larynx. Plaintiff also had to endure feeding through a tube which ran up his nose through his esophagus to his stomach.

On November 5, 1991 his C5 and C6 vertebrae were fused. Plates and screws were used to hold bone fragments together. Bone grafting was done in the area by taking bone from his hip. Plaintiff had to wear a solid collar for three months and a soft one for several months thereafter.

The long-time bed rest left him unable to stand, walk or do any basic things for himself; he thus needed to undergo physical therapy to revitalize his atrophied muscles. Plaintiff's multiple physical therapies were very fatiguing for him. He continued on physical and occupational therapy, two sessions daily, while in the hospital and, when released, for three years.

Surgery on his right arm was required. A pneumatic pump

was utilized to prevent blood clots in his legs. Plaintiff's pelvis sustained an anterior-posterior compression fracture with extensive injury to the ligaments holding the symphysis and sacroiliac joints on the left and right side. An external fixation device was attached with the use of four pins to bring the pelvis together. As a result, he has continuing pain in the pelvis which is chronic in nature. A glenoid fracture was also found which had to be repaired by intricate surgery.

Plaintiff suffers back, shoulder and knee pain, all of which were asymptomatic before the accident. He had worked regularly before the fall but is now no longer able to work. Plaintiff's injuries are permanent. These include persistent knee pain, a winged scapulae (shoulder damage) for which there is no treatment, and back and pelvic pain. He must wear a back brace. He is unable to lift, sit or stand too long and, generally, he is much diminished in his physical abilities. The necessity of further surgery for his knees and his shoulder is most probable.

Plaintiff has made an amazing recovery from a near-death experience. His recovery entailed painful and extensive physical and speech therapy to regain mobility and the ability to swallow and speak. Plaintiff was 72 years of age at the time of trial with a statistical life expectancy of 11 years. Considering the gravity and life-threatening nature of his injuries, the pain he endured, the long and difficult recovery, his extensive permanent injuries and the high probability of future surgery, we find the verdict clearly inadequate and set it aside (*compare, Lemberger v City of New York*, 211 AD2d 622, 623, *with Peck v Tired Iron Transport*, 209 AD2d 979; *see, Cochetti v Gralow*, 192 AD2d 974).

Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by (1) reversing so much thereof as awarded plaintiff Ellsworth Stedman $175,000 for past pain and suffering and $100,000 for future pain and suffering, and (2) ordering a new trial on the issue of these damages only unless, within 20 days after the date of this decision, plaintiff Ellsworth Stedman and third-party defendant shall stipulate to increase the award for past pain and suffering to $1,000,000 and future pain and suffering to $350,000, in which event the judgment, as so modified, is affirmed.