█ CHIMON TLEIGE, an Infant, by ANTOINETTE TLEIGE, et al., His Parents, Appellant, v TROY PEDIATRICS et al., Respondents. [654 NYS2d 486] —White, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered March 11, 1996 in Rensselaer County, which granted defendants' motion to dismiss the complaint for, *inter alia*, failure to comply with court-ordered discovery.

Plaintiff, an infant who suffers from severe physical and mental impairments, was born on November 6, 1982 at Samaritan Hospital in the City of Troy, Rensselaer County. On November 9, 1989, plaintiff, by his parents, commenced this action for medical malpractice alleging that plaintiff's injuries were caused by defendants' negligent diagnosis, care and treatment. Issue was joined on November 29, 1989, at which time defendants served a demand for a verified bill of particulars

and discovery demands.* After some discovery and disclosure of medical records, it was revealed that plaintiff's brother, Hassib, also suffered from similar impairments. Thereafter, defendants made repeated efforts to schedule independent medical evaluations (hereinafter IMEs) of both plaintiff and Hassib but, as a result of plaintiff and his family moving to Australia, defendants agreed to defer any IMEs until close to trial. A note of issue dated June 28, 1995 was filed by plaintiff and at a conference on July 28, 1995, Supreme Court scheduled a day certain for trial on March 4, 1996. By order dated November 28, 1995, the IMEs of plaintiff and Hassib were to be held prior to February 19, 1996, and any medical records to be offered at trial were to be disclosed to defendants prior to December 7, 1995.

By letter dated December 15, 1995, defendants were advised by plaintiff's attorney that plaintiff and Hassib would be available for IMEs on or after February 16, 1996; as a result, defendants scheduled both infants for IMEs on February 20 and 22, 1996, two weeks prior to trial. However, neither plaintiff nor Hassib appeared for either of said IMEs and plaintiff's counsel then advised defendants' attorney that neither plaintiff nor Hassib intended to appear at the scheduled IMEs nor would plaintiff appear for trial. Defendants then brought a motion pursuant to CPLR 3126 to dismiss the complaint which was returnable on March 4, 1996, the scheduled trial date. Supreme Court, after hearing the motion, as well as additional grounds for dismissal, precluded plaintiff from offering any expert testimony based on plaintiff's failure to appear for the scheduled IMEs. The court further precluded plaintiff from offering any expert testimony based on a failure to respond to defendants' demand for experts and additionally dismissed the complaint for failure to prosecute.

We affirm. Although public policy favors that an action be resolved on the merits, in this instance we find that Supreme Court made a balanced consideration of the relevant factors and did not abuse its broad discretionary powers in dismissing the complaint (see, Zletz v Wetanson, 67 NY2d 711, 713; Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 571-572; see also, CPLR 3126). Plaintiff's failure to submit to IMEs scheduled less than two weeks before trial in contravention of the discovery schedule clearly prejudiced defendants' ability to prepare for trial, and we note that plaintiff never objected to defendants' requests for discovery nor did they appeal the

* In July 1991, plaintiffs commenced a similar action against Q. L. Tang which was consolidated with the main action.

November 1995 order which scheduled dates for certain discovery, including the IMEs. Under these circumstances, willfulness and contumacious conduct can be inferred from plaintiff's action and justify preclusion (*see, Wolford v Cerrone*, 184 AD2d 833, 834; *Mills v Ducille*, 170 AD2d 657, 658; *Brandi v Chan*, 151 AD2d 853, 854, *appeal dismissed* 75 NY2d 789).

We also find that precluding plaintiff from presenting expert testimony due to his failure to respond to defendants' demands was not improper. CPLR 3101 (d) requires timely disclosure of expert witnesses to enable the parties to adequately prepare for trial. Where, as here, a party fails to comply with expert disclosure without showing good cause, the trial court has the authority to preclude said party from offering expert testimony, particularly in a case such as this involving medical malpractice with its heightened reliance on expert testimony (*see, Cramer v Spada*, 203 AD2d 739, 740, *lv denied* 84 NY2d 809; *Bauernfeind v Albany Med. Ctr. Hosp.*, 195 AD2d 819, 820, *lv dismissed, lv denied* 82 NY2d 885).

We also find that Supreme Court properly dismissed plaintiff's complaint for failure to prosecute even though these grounds were not set forth in defendants' motion papers, since the court on its own initiative may dismiss a complaint where the plaintiff unreasonably neglects to proceed in the action or authorizes delays in the prosecution thereof after the note of issue has been filed (*see, CPLR 3216 [a]; see also, Hillegass v Duffy*, 148 AD2d 677, 679). Here the record reveals that after filing a note of issue in June 1995, plaintiff failed to appear at a pretrial conference in July 1995, failed to submit to court ordered IMEs, made no response to defendants' demand for experts and failed to appear for trial on a date which had been scheduled for seven months. Even though plaintiff was residing in Australia and concededly would have difficulty returning to prosecute this case, we note that plaintiff never sought relief from the discovery order schedule nor applied for a postponement of the trial.

Based on the record before us, we conclude that the dismissal of the complaint was proper.

Cardona, P. J., Crew III, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.