■ ANTHONY SALZO et al., Respondents, v BEDDING SHOWCASE, INC., Appellant. [656 NYS2d 236] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered April 21, 1995, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

In view of plaintiffs' counsel's assertion that during the period in question, his two-year-old grandson was diagnosed with, and subsequently succumbed to, Tay Sachs disease, coupled with counsel's status as a sole practitioner, and the failure of defendant to move for a default judgment, we find that the IAS Court's decision to overlook plaintiffs' short delay in filing opposition papers, especially where no prejudice was demonstrated, was a proper exercise of discretion (*see*, CPLR 2005; *Busa v Busa*, 196 AD2d 267).

However, we agree with defendant that the IAS Court erred when it considered the affidavit of plaintiffs' purported expert on tires, submitted in sur-reply, whose identity and credentials

were never revealed to defendant despite demand for such discovery, and whose expertise cannot be ascertained, or even speculated upon, in his one and one-half page affidavit (*see, Mankowski v Two Park Co.*, 225 AD2d 673; *Vigilant Ins. Co. v Barnes*, 199 AD2d 257).

In order to set forth a prima facie case of negligence, plaintiffs must demonstrate that defendant's negligence was a substantial cause of the events which led to the injury (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315; *Klapa v O&Y Liberty Plaza Co.*, 218 AD2d 635). In the matter before us, plaintiffs' unsupported and often contradictory assertions, without an opinion from an expert, concerning whether the truck the injured plaintiff was driving had mismatched tires, and how they may have contributed to the accident, if at all, fail to raise a triable issue of fact as to whether defendant's alleged negligence in maintaining the truck was a substantial cause of the injury. Having failed in their burden to establish a prima facie case, the complaint must be dismissed. Concur— Murphy, P. J., Williams, Tom and Mazzarelli, JJ.