■ James B. Douglass, Respondent, v St. Joseph's Hospital, Appellant. [667 NYS2d 477] —Mikoll, J. P. Appeals (1) from a judgment of the Supreme Court (Ellison, J.), entered October 15, 1996 in Chemung County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered October 15, 1996 in Chemung County, which denied defendant's motion to set aside the verdict.

Plaintiff was injured when he fell from his hospital bed the night after he underwent surgery, sustaining a fracture of his left femur. He commenced this action against defendant for negligence and medical malpractice,[1] alleging that defendant's failure to provide adequate safety restraints was the proximate cause of his injury. By discovery demand dated February 17, 1992, plaintiff sought disclosure of any expert witnesses defendant intended to call at trial. Defendant's response of February 21, 1992 indicated that it had not yet selected an expert witness but would provide the requested information upon so doing. On or about August 25, 1994, plaintiff served defendant with notice pursuant to CPLR 3101 (d) (1) (i) that he had retained an expert nurse, whose credentials he supplied, who

---

1. Summary judgment was previously granted to plaintiff's physicians and affirmed by this Court (*Douglass v Gibson*, 218 AD2d 856).

would testify that the restraint device (a so-called "Posey vest"), bed rails and nursing procedures employed by defendant were inconsistent with the appropriate standard of care and that plaintiff's injuries were proximately caused by this deviation. At a pretrial conference on January 8, 1996, a day certain for trial was set for September 10, 1996.

On September 9, 1996 at 5:03 P.M., defendant transmitted via facsimile a "Notice of Expert Witness" to the office of plaintiff's counsel, which was then closed. Jury selection commenced on September 10, 1996 at 9:30 A.M. and a jury was impaneled at 12:30 P.M. Plaintiff's counsel averred that he first learned of defendant's notice of expert witness upon returning to his office at approximately 12:45 P.M. that day. Opening statements and proof were scheduled to begin at 2:00 P.M.

When court reconvened at 2:00 P.M., plaintiff orally moved to preclude defendant's expert testimony, and Supreme Court granted the motion. At the conclusion of the trial, the jury found for plaintiff, awarding him $100,000 for pain and suffering $25,000 for future pain and suffering and $25,000 for medical expenses.

Defendant's motion for a new trial on the grounds that (1) Supreme Court erroneously precluded its expert from testifying, and that (2) the jury verdict was excessive was denied, and this appeal ensued. We affirm.

Initially, we note that none of the proceedings relating to defendant's notice of expert witness, plaintiff's motion to preclude, or Supreme Court's ruling thereon were recorded. We therefore do not know whether defendant proferred any evidence or argument tending to establish good cause for failing to serve the notice earlier, nor do we know on what basis the court precluded the testimony. The issue appears in the record solely by virtue of defendant's motion for a new trial. Defendant's moving papers, however, provide no explanation for the late notice or any specific information concerning the retention of the expert; the papers simply assert that defendant's expert did not complete her review of plaintiff's medical records and agree to serve as an expert until the afternoon of September 9, 1996, and that notice to plaintiff was given within "several hours" thereafter.

Our decisions have made it abundantly clear that a trial court is within its discretion in precluding expert testimony for failure to comply with the provisions of CPLR 3101 (d) (1) (i) where the non-complying party fails to show good cause for its delay and/or that disclosure was not intentionally withheld (*see, Tleige v Troy Pediatrics*, 237 AD2d 772; *Grassel v Albany*

*Med. Ctr. Hosp.*, 223 AD2d 803, *lv dismissed and denied* 88 NY2d 842; *Cramer v Spada*, 203 AD2d 739, *lv denied* 84 NY2d 809, *cert denied* 514 US 1055; *Vigilant Ins. Co. v Barnes*, 199 AD2d 257; *Bauernfeind v Albany Med. Ctr. Hosp.*, 195 AD2d 819, *lv dismissed and denied* 82 NY2d 885; *Marra v Hensonville Frozen Food Lockers*, 189 AD2d 1004).

While the precise basis of Supreme Court's preclusion ruling is not before us, we cannot say that it represented an abuse of discretion given defendant's failure to make the requisite showing of good cause or lack of intentional noncompliance. We also note that the court's ruling is independently justified based upon the substance of defendant's notice of expert witness, which does not comport with the requirements of CPLR 3101 in that it did not contain the expert's qualifications,[2] nor did it detail the facts on which the expert relied or the grounds for her conclusions.

We further find that the trial court did not err in denying defendant's motion to set aside the verdict as excessive. Noting that the amount of damages is a question of fact, with considerable deference accorded to the jury's assessment of the facts, their award of $150,000 does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]; *see, Duncan v Hillebrandt*, 239 AD2d 811, 813-814; *Stedman v Bouillon*, 234 AD2d 876; *Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025; *Wendell v Supermarkets Gen. Corp.*, 189 AD2d 1063, 1064). The trial court's decision on the motion to set aside the verdict is likewise to be accorded deference (*see, Santucci v Govel Welding*, 168 AD2d 845, 846). A reviewing court's discretionary power to interfere with damage awards should be exercised sparingly (*Santalucia v County of Broome*, 228 AD2d 895, *lv dismissed* 84 NY2d 923; *Cochetti v Gralow*, 192 AD2d 974). Moreover, the award is consistent with those found to be appropriate under similar circumstances (*see, e.g., Irby v City of New York*, 184 AD2d 622; *Roshwalb v Regency Mar. Corp.*, 182 AD2d 401, *lv denied* 80 NY2d 756; *Morales v Jolee Consolidators*, 173 AD2d 315).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed, with costs.

---

2. Although defendant's notice of expert witness referred to an attached resume of the expert, none was attached to the facsimile transmission nor does defendant include such an attachment in the record on appeal.