■ TERRY EDWARDS, Appellant, v STAMFORD HEALTHCARE SOCIETY, INC., et al., Respondents. [699 NYS2d 835] —Mikoll, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 8, 1998 in Albany County, upon a verdict rendered in favor of plaintiff.

While working as a laborer on a construction project in July 1994, plaintiff, then 46 years old, fell through a hole in the floor of a building and landed on a concrete floor 16 feet below. His injuries included a facial abrasion and fractures of the pelvis, left femur, left ankle, left wrist and fractured and dislocated fingers on the left hand. He was hospitalized for 30 days immediately following the accident, during which time two surgeries were performed. Plaintiff began a course of physical therapy while in the hospital which continued after his discharge until August 1995. He thereafter participated in a fitness program from August 1995 to July 1996. Unable to return to work as a construction laborer, plaintiff successfully completed a computer course but had not returned to work as of the time of trial. In this action against the owner of the premises and the general contractor of the project, plaintiff asserted violations of Labor Law §§ 200, 240 and 241. Summary judgment on the issue of liability was granted and a trial on the issue of damages only ensued.

Plaintiff testified as to his injuries, treatment, recovery and the resulting changes in his lifestyle. One of plaintiff's treating physicians, James Elting, presented detailed testimony as to plaintiff's injuries, treatment and recovery. Joel Mandel, an orthopedic surgeon who evaluated plaintiff prior to trial, testified as to plaintiff's prognosis and his inability to work. Defendants did not call the doctor who they had engaged to evaluate plaintiff and a missing witness charge was given. Plaintiff also produced the testimony of Thomas Kershner, a professional economist, on the issue of his past and projected future lost earnings. Defendants did not call their economist to testify and, again, a missing witness charge was given. Defendants did produce testimony from a rehabilitation counselor who testified that plaintiff was able to work in positions involving light, sedentary work.

The jury awarded plaintiff $38,000 for past pain and suffering, comprising a period of 3½ years, and $150,000 for future pain and suffering for a period of 20 years. Plaintiff was also awarded $25,000 for past lost earnings and $75,000 for projected future lost earnings over a period of 12 years. Plaintiff moved orally to set aside the verdict as inadequate and contrary to the weight of the evidence. Supreme Court denied the motion, prompting this appeal.

Plaintiff asserts that the pain and suffering component of the award is inadequate given the multitude and magnitude of his injuries, and that the lost earnings award is contrary to the weight of the evidence and materially deviates from reasonable

compensation. Defendants counter that the total award reflects a fair interpretation of the evidence, noting that plaintiff's claimed untruthfulness about his ability to work undermined his entire case, freeing the jury to disregard all of plaintiff's testimony.

Mindful that the appropriate amount of damages in a personal injury action is generally a question of fact, a reviewing court will accord considerable deference to a jury's assessment of the evidence and its resulting award (*see, Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 697). Where, however, a jury's award deviates materially from that which would constitute reasonable compensation, it may be set aside (*see,* CPLR 5501 [c]; *Clarke v Selover*, 260 AD2d 981; *Osiecki v Olympic Regional Dev. Auth.*, 256 AD2d 998). Review of the adequacy of a damage award entails its comparison to awards in similar cases as well as consideration of various factors, including the life-threatening nature of the injuries, the length of hospitalization, surgeries required, complications experienced, medication needed to stabilize the patient and relieve pain, postconfinement convalescence, rehabilitative efforts and the success of treatment (*see, Stedman v Bouillon*, 234 AD2d 876, 877; *see also, Osiecki v Olympic Regional Dev. Auth., supra*).

Applying these principles to our review of the record herein, we agree with plaintiff that the jury's award for past and future pain and suffering is manifestly inadequate to constitute reasonable compensation. Notably, the testimony as to the nature and severity of plaintiff's injuries and his condition at the time of trial was uncontroverted. When first admitted to the hospital, plaintiff was at risk of bleeding to death and he was placed on a respirator to enable him to breathe. An external fixator was utilized to stabilize his pelvic injuries. He was hospitalized for a month, undergoing two surgeries. Upon his discharge from the hospital, he required the assistance of a nurse and home health aide, and needed physical therapy to become able to walk unassisted. Nerve damage to his foot resulted in a permanent foot drop and clawing of the toes, so that plaintiff now walks slowly and with a limp. He cannot sit, stand or walk for extended periods without pain or the need to stretch. He cannot perform his usual household chores or engage in many of his preaccident activities. Testimony indicated that the prognosis for his injuries is poor and some will worsen with the passage of time with the probability that future surgery will be required.

Given the nature and extent of plaintiff's injuries, his treatment therefor and prognosis thereon, an award of $38,000 for

past pain and suffering and $150,000 for 20 years of future pain and suffering materially deviates from what would be reasonable compensation with reference to both the objective criteria by which such damages are assessed and in comparison to what has been determined to be reasonable compensation in cases involving comparable injuries (*see, Stedman v Bouillon, supra*, at 877; *see also, Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946, 948, *lv denied* 92 NY2d 817; *Armbruster v Buffalo China*, 247 AD2d 880, 881-882; *Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 697, *supra*; *Sluzar v Nationwide Mut. Ins. Co.*, 223 AD2d 785, 785-786; *Fenocchi v City of Syracuse*, 216 AD2d 864, 865; *Inya v Ide Hyundai*, 209 AD2d 1015). Consequently, plaintiff is entitled to a new trial to determine damages for past and future pain and suffering.

We reach a similar conclusion with respect to the jury's award for past and future lost earnings, which amounted to approximately $7,000 per year for past lost earnings and $6,250 per year for future lost earnings. While defendants maintain that the jury's award in this regard derived from its rejection of plaintiff's contention that he was unable to return to any type of work, we are not so persuaded since defendants tendered no evidence which could be said to support the amounts awarded by the jury. Plaintiff's earnings in 1993 amounted to $12,248 and his average earnings in the three years preceding the accident were $9,578. The only evidence before the jury as to plaintiff's past and future lost earnings was the testimony of his expert economist and that of the president of the union local which plaintiff had joined shortly before the accident to improve his employment opportunities; as noted, defendants' economist did not testify. Plaintiff's expert opined that plaintiff sustained a loss of past wages and benefits totaling $106,000 and projected future losses of $583,000. Because the jury's award is against the weight of the only evidence submitted on the question, a new trial as to this component of plaintiff's damages is also required.

Cardona, P. J., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial on the issue of damages.