■ JEAN LAW, Individually and as Administrator of the Estate of RICHARD P. LAW, III, Deceased, Appellant, v ALAN MOSKOWITZ et al., Respondents. [719 NYS2d 357] —Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered December 21, 1999 in Albany County, which granted defendants' motion to dismiss the complaint before the taking of any evidence.

This medical malpractice action arises out of the performance of spinal reconstructive surgery on Richard P. Law, III during which Law's left ureter was punctured, a condition that was not discovered until some point postoperatively.* The complaint sets forth numerous claims of negligence against defendants, including the negligent performance of the surgery, the failure to monitor and ensure that all medical care, treatment and attention rendered before, during and after surgery were in accord with proper and accepted medical standards and the failure to timely and accurately diagnose Law's symptoms and medical condition, sentiments repeated in a bill of particulars.

At the commencement of the trial in this action on September 28, 1999, defense counsel made an oral motion to preclude the testimony of plaintiff's expert witness—a neurologist who had been noticed in a May 21, 1998 supplemental expert response—on the ground that the theory of the case being advanced by plaintiff's counsel—defendants' failure to monitor Law's blood pressure and urine output during the course of the surgery—was "markedly and radically different from the theory which was set forth in the expert witness disclosure." Supreme Court granted the motion and subsequently granted defendants' motion to dismiss the entire complaint, despite repeated protestations by plaintiff's counsel that other theories of negligence had been duly noticed and remained viable, particularly the claim that Law's ureter was negligently damaged during the surgery. Plaintiff appeals, and we now reverse.

While the May 21, 1998 disclosure said nothing specific about any alleged failure to monitor blood pressure, it most assuredly put defendants on notice that plaintiff's expert would testify that defendants' failure to monitor and address Law's decreased urine output was one aspect of defendants' negligence. The supplemental expert response states: "Plaintiff's expert is further expected to testify that the Defendants were negligent and deviated from accepted standards of medical and surgical care by failing to properly diagnose [Law's] signs, symptoms and complaints in a prompt and timely manner. *More specifically, [plaintiff's] expert is expected to testify that [Law's] decreased urine output during surgery [and] post-operatively, until such time as the severed ureter was finally discovered, should have alerted [the] Defendants to the possibility that [Law's] ureter had been damaged and/or severed.*

---

* Although originally named as a party in this action, Law has since died and plaintiff has been substituted as the administrator of his estate. Thus, plaintiff is seeking damages based on this status, as well as her status as Law's spouse.

"Plaintiff's expert is further expected to testify that the Defendants were negligent and deviated from accepted standards of medical and surgical care by failing to promptly order necessary diagnostic studies to determine the cause of [Law's] signs, symptoms and complaints. *More specifically, Defendants failed to order timely and prompt consults to determine the cause of [Law's] decreased urine output and abdominal pain*" (emphasis supplied).

We find that the disclosure fully complied with CPLR 3101 (d) (1) (i) in that it sufficiently advanced the theory that defendants were negligent in failing to properly monitor Law's urine output during and after surgery. That defense counsel was allegedly surprised or unprepared for this particular theory of the case was not the result of any failure on the part of plaintiff or her .counsel. Moreover, even if this Court were to conclude that the expert response is somehow deficient, there is certainly no evidence that plaintiff intentionally or willfully failed to disclose any theory of liability or that plaintiff deliberately sought to deceive defendants by introducing expert testimony that deviated from the supplemental expert response (*see, Fuoco v County of Nassau*, 223 AD2d 668; *Citron v Northern Dutchess Hosp.*, 198 AD2d 618, *lv denied* 83 NY2d 753; *cf., Tleige v Troy Pediatrics*, 237 AD2d 772; *Bauernfeind v Albany Med. Ctr. Hosp.*, 195 AD2d 819, *appeal dismissed and lv denied* 82 NY2d 885). Indeed, if defense counsel believed that these particular provisions of the supplemental expert response were "oblique," as was argued before Supreme Court, he could have, but did not, seek clarification or specification from plaintiff's counsel upon its receipt or upon receipt of the bill of particulars, which itself adequately provided a general statement "of the acts or omissions constituting the negligence claimed" (CPLR 3043 [a] [3]; *see,* 22 NYCRR 202.7 [a]; *Qian v Dugan*, 256 AD2d 782). Under these circumstances, the drastic measure of preclusion was unwarranted and Supreme Court improvidently exercised its discretion in granting defendants' motion (*see, Oliver Chevrolet v Mobil Oil Corp.*, 274 AD2d 782; *Petersen v Owens*, 186 AD2d 1029, 1030; *cf., Vigilant Ins. Co. v Barnes*, 199 AD2d 257; *Parsons v City of New York*, 175 AD2d 783).

Furthermore, even if this Court were to agree with Supreme Court's conclusion that plaintiff's supplemental expert response did not sufficiently identify a particular theory of liability, the court nevertheless abused its discretion in dismissing the entire complaint (*see, Ingleston v Francis*, 206 AD2d 745; *cf., Tleige v Troy Pediatrics, supra; Rossi v Matkovic*, 227 AD2d

609). While in no way conceding that inadequate notice was given concerning defendants' alleged failure to properly monitor Law's urine output during surgery, plaintiff's counsel assertively and painstakingly argued that the crux of plaintiff's case was that Law's ureter was negligently damaged during surgery and that she still had a viable case on this theory alone. No explanation was given by Supreme Court for dismissing the entire complaint, and we can perceive none under the circumstances (cf., *Tleige v Troy Pediatrics, supra; Bauernfeind v Albany Med. Ctr. Hosp., supra*).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.