■ STEFANIE POLA, Appellant, v MICHAEL NYCZ, Respondent. [722 NYS2d 818] —Mercure, J. Appeal from a judgment of the Supreme Court (Fromer, J.H.O.), entered November 23, 1999 in Ulster County, upon a verdict rendered in favor of defendant.

Plaintiff commenced this action to recover for injuries she

sustained in a January 15, 1994 motor vehicle accident. Following a grant of partial summary judgment in favor of plaintiff on the issue of liability, the action proceeded to trial on the issue of damages. At the conclusion of the trial, the jury determined that plaintiff did not sustain a "serious injury" within the purview of Insurance Law § 5102 (d) and Supreme Court entered judgment dismissing the complaint. Plaintiff appeals, contending only that Supreme Court erred in permitting defendant's examining physician to testify on the issue of causation, a matter beyond the scope of his examination report, and in denying plaintiff's motion for a mistrial after it was discovered that the jury had briefly been exposed to several documents that were not received in evidence. In our view, the claimed errors were, at worst, harmless. We accordingly affirm.

Considering that the specific injury claimed by plaintiff—a chondral defect in her right knee—was first diagnosed more than four years following the accident, that plaintiff had sustained another knee injury which could not be ruled out as the cause of that condition, and that plaintiff's own medical expert could state only that the accident possibly caused it, we agree with defendant that causation was an issue throughout the trial. Under the circumstances, the absence of a specific opinion concerning causation in the examining physician's report did not preclude his trial testimony on that issue (*see, Moreno v Roberts*, 161 AD2d 1099, 1101; *McLamb v Metropolitan Suburban Bus Auth.*, 139 AD2d 572; *Jorgensen v Great Atl. & Pac. Tea Co.*, 119 AD2d 730). Further, based upon our review of the three documents* that were erroneously possessed by the jury for a short period of time at the outset of its deliberations, we perceive no likelihood of prejudice resulting from the jury's observation of these exhibits, if in fact the jury viewed them at all.

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Of the several documents that were erroneously taken into the jury room, plaintiff limits her appellate argument to but three of them: a January 26, 1998 examining report of defense physician Albert Tannin, an advanced medical imaging patient evaluation sheet completed by plaintiff on May 23, 1994, and an accident report prepared by plaintiff for her insurance carrier on January 20, 1994.