■ SUE A. FISHKIN, Appellant, v MORRIS MASSRE, Respondent. [730 NYS2d 724] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated June 21, 2000, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and for a new trial on the issue of damages.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant on the issue of damages. Contrary to the plaintiff's contention, despite the defendant's failure to strictly comply with CPLR 3101 (d) (1) (i), under the circumstances of this case, the trial court providently exercised its discretion in allowing the defendant's examining physician to testify that the injuries to the plaintiff's right shoulder and elbow, and the resulting surgeries, were not proximately caused by the subject accident (see, Manes v Manes, 277 AD2d 359, 361; Law v Moskowitz, 279 AD2d 844, 846; Hansel v Lamb, 257 AD2d 795, 796). Under the facts of this case, the plaintiff could not claim surprise or prejudice as a result of the challenged testimony, as "the issue of causation was implicit on the question of damages" (McLamb v Metropolitan Suburban Bus Auth., 139 AD2d 572, 573; see, Pola v Nycz, 281 AD2d 839; Moreno v Roberts, 161 AD2d 1099, 1101). Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.