MARY CLEMONS, Appellant, v TIMOTHY VANDERPOOL, Respondent. [735 NYS2d 705] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past pain and suffering only unless defendant, within 20 days of service of a copy of the order

of this Court with notice of entry, stipulates to increase the verdict for past pain and suffering to $16,000, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: We reject the contention of plaintiff that the conduct of defendant's attorney deprived her of a fair trial. Supreme Court sustained objections and instructed the jury to disregard several improper comments and questions by defendant's attorney, thus mitigating any harm to plaintiff (*see, Grabowski v City Centre Dev. Co.,* 272 AD2d 868, 869). The court also properly overruled objections to questions that were not improper (*see, Louise B. G. v New York City Bd. of Educ.,* 143 AD2d 728, 728-729, *lv denied* 73 NY2d 707, *rearg denied* 74 NY2d 715) and comments on summation that were within the bounds of permitted commentary on the evidence (*see, Hitchcock v Best,* 247 AD2d 769). Plaintiff failed to object to the remainder of the improper comments and thus failed to preserve for our review her contention that those comments deprived her of a fair trial (*see, Duncan v Mount St. Mary's Hosp.* [appeal No. 3], 272 AD2d 862, 863, *lv denied* 95 NY2d 760).

The court properly permitted defendant's medical expert to testify that plaintiff's foot drop condition was not caused by the automobile accident, even though the expert expressed no such opinion on that issue in his medical report (*see, Pola v Nycz,* 281 AD2d 839, 840; *Klempner v Leone,* 277 AD2d 287, 287-288). "Under the facts of this case, the plaintiff could not claim surprise or prejudice as a result of the challenged testimony, as 'the issue of causation was implicit on the questions of damages'" (*Fishkin v Massre,* 286 AD2d 749, quoting *McLamb v Metropolitan Suburban Bus Auth.,* 139 AD2d 572, 573). We reject plaintiff's contention that the court erred in excluding testimony rebutting the opinion of defendant's medical expert on the ground that such testimony would be cumulative. "Whether evidence should be excluded as cumulative is a matter that rests within the sound discretion of the trial court" and the exclusion of rebuttal testimony constituted a sound exercise of discretion in this case (*Rosabella v Fanelli,* 225 AD2d 1007, 1008).

We reject plaintiff's contention that the jury's failure to award damages for future pain and suffering is contrary to the weight of the evidence. The conflicting evidence concerning the extent, severity and permanency of the injuries allegedly resulting from the accident did not so preponderate in plaintiff's favor that the verdict awarding no damages for future pain and suffering could not have been reached upon

any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746). We agree with plaintiff, however, that the award of $4,000 for past pain and suffering is inadequate. Plaintiff suffered a fracture of the calcaneus bone in the accident, causing pain, difficulty lifting, standing and walking, and disabling her from employment. In our view, an award of $16,000 would be reasonable compensation for plaintiff's past pain and suffering (*see,* CPLR 5501 [c]).

We therefore modify the judgment by vacating the award of damages for past pain and suffering and grant a new trial on damages for past pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict for past pain and suffering to $16,000, in which event the judgment is modified accordingly. (Appeal from Judgment of Supreme Court, Onondaga County, Roy, J.—Negligence.) Present— Green, J. P., Hayes, Hurlbutt and Burns, JJ.