■ LORRAINE A. CAPPIELLO, Respondent-Appellant, v ANTHONY E. CAPPIELLO, Appellant-Respondent.

The only issue before us concerns the propriety of the equitable distribution award in an action involving the breakup of a marriage which lasted only eight months and, as a practical matter, was all but ended after two months. At the time of the marriage on July 1, 1979, plaintiff, age 42, was a successful freelance art director. Defendant, age 46, who had been married previously, with two children from that marriage, was the art director and minority shareholder of an advertising company. The trial court found plaintiff's annual earning capability to be $40,000 and defendant's $80,000. Two months after the marriage, defendant formed a new firm, a spin-off from his old company, surrendering his stock in exchange for 55% of the shares in the new company.

Included in its equitable distribution award, the court awarded plaintiff $25,000, representing the amount she could have earned during the short period of time that the parties were living together. We find that portion of the award, representing compensation for possible lost earnings, to be error. It is not authorized under the Equitable Distribution Law (Domestic Relations Law § 236 [B]) and is inconsistent with the denial of any maintenance to the plaintiff. Nor does the record disclose any basis to conclude that she was in any way precluded from working or requested not to work during that period of time. As

a matter of fact, she stopped working shortly after the marriage and devoted herself to skiing.

The balance of the award, $13,780, was arrived at by an equal division of marital property, which totaled $27,779, consisting of defendant's share of his firm's undistributed profit ($12,107), the increase in value of his profit-sharing plan ($11,027) and a lump-sum bonus payment received by him ($8,850). Under the circumstances of this case, particularly taking into account the nature of defendant's business, we agree that his share in undistributed corporate profits was properly considered as marital property (*compare, Jolis v Jolis*, 98 AD2d 692), as was the increase in the value of his profit-sharing plan during the period the parties were married (*see, Wilson v Wilson*, 101 AD2d 536, 543).

However, we disagree with so much of the determination which divided these marital assets by a direction that there be an equal distribution. In the past, we have rejected the notion that equitable distribution means an equal division of marital property in all cases (*see, Sementilli v Sementilli*, 102 AD2d 78, 87). On this record, we conclude that an equitable distribution of marital assets would result in an award to plaintiff of 25%. There are several factors which lead us to this conclusion: the short duration of the marriage (Domestic Relations Law § 236 [B] [5] [d] [2]); the fact that the marital property was acquired as a result of defendant's efforts (Domestic Relations Law § 236 [B] [5] [d] [6]); and the ability of the plaintiff to earn at least $40,000 per year in the future (Domestic Relations Law § 236 [B] [5] [d] [8]).

This was a brief marriage which, quite simply, did not work. Taking into account the critical consideration of essential fairness and equity, incorporated as part of the "catch-all" factor in Domestic Relations Law § 236 (B) (5) (d) (10), as well as the other factors discussed, we conclude that the trial court's award of an equal distribution was improper here. Equitable distribution, as a remedy in marital actions, is not designed either to result in a penalty or a windfall. The fact of marriage, standing alone, does not automatically vest property rights in the assets or estate of the other spouse. Rather, the determination in each case must be individual, based upon the circumstances presented and the considerations of fairness and equity in terms of the several factors enumerated in Domestic Relations Law § 236 (B).

We have reviewed the contentions advanced by plaintiff on her cross appeal and find them lacking in merit. The record does not support her claim of entitlement to a distributive share of

the value of defendant's new company, which was a spin-off from defendant's equity interest in his old firm, or the cooperative apartment which he purchased after leaving the marital abode. Under the facts of this case, these were separate property interests, not subject to distribution (Domestic Relations Law § 236 [B] [5] [b], [d] [1]). Concur — Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.