■ In the Matter of a Trust Created by JAMES F. WIBLE. STEPHEN PALKA, as Trustee of a Trust Created by JAMES F. WIBLE, Respondent; ILEAN S. WIBLE et al., Appellants, et al., Respondent. [661 NYS2d 310] —Carpinello, J. Appeals (1) from an order of the Surrogate's Court of Warren County (Moynihan,

Jr., S.), entered October 23, 1995, which, *inter alia,* ruled that petitioner had the authority to sell certain real property, and (2) from a decree of said court, entered May 7, 1996, which settled an intermediate account of petitioner as trustee of a trust made by James F. Wible.

The instant appeals require the construction of certain provisions of an inter vivos trust created by James F. Wible (hereinafter the grantor) several days before his death. He was survived by his wife, respondent Ilean S. Wible (hereinafter Wible), and his three children, respondent Sharon A. Bailey, respondent Robert J. Wible and Debra L. Pryme. The matters at issue on this appeal were presented to Surrogate's Court in the context of objections to an intermediate account filed by petitioner, the trustee.

Article IV of the trust agreement provides that if the grantor was survived by Wible, petitioner was required to pay the grantor's descendants on a monthly basis 40% of the net proceeds of an August 25, 1986 note and mortgage. Pursuant to this article, petitioner was also directed to pay Wible "the net income from or provide her exclusive possession use and/or occupancy of the balance of the trust corpus * * * including, without limitation, my home * * * all my household furnishings, my boat, and the remaining sixty (60.0%) percent of the net proceeds of the [August 25, 1986] Note and Mortgage".

Following prepayment of the note and mortgage in full, petitioner distributed 40% of the proceeds to the children and 60% to Wible. After Bailey objected to, *inter alia,* the distribution of the mortgage principal to Wible, Surrogate's Court determined that Wible was entitled to income only from the trust, not principal, and decreed that Wible was to repay the $42,872.65 in principal erroneously distributed to her. On appeal, Wible contends that the grantor intended that she receive 60% of the mortgage's net proceeds, including principal and interest. We disagree.

Both Wible and Bailey agree that, in determining the intent of a grantor of an inter vivos trust, the court must look to the words used in the trust agreement and, in the absence of an intent contrary to public policy or established rules of law, effectuate such intent (*see, Matter of Gilbert,* 39 NY2d 663, 666). Here, paragraph A of article IV of the trust agreement provides that 40% of the net proceeds of the note and mortgage are to be paid monthly to his children. A fair reading of paragraph B of article IV reveals that the grantor intended for Wible to enjoy lifetime *income* from the remaining trust corpus. The trust corpus is defined as consisting of *all* the grantor's prop-

erty (i.e., "real, personal, or mixed") except the 40% of the mortgage proceeds distributed directly to the children pursuant to paragraph A.

To adopt Wible's interpretation that she is entitled to an outright 60% distribution of the mortgage proceeds under the trust agreement, this Court would have to ignore the plain language of the trust which includes "the remaining sixty (60.0%) percent of the net proceeds" within its definition of "the balance of the trust corpus" from which she is to be provided net income. Said differently, Wible is simply a lifetime income beneficiary of the trust. The remaining 60% of the mortgage's "net proceeds", whether said proceeds consisted of monthly payments of principal and interest or prepayments in whole or in part, was an asset of the trust corpus, from which income would be paid to Wible monthly. Accordingly, we agree with the determination of Surrogate's Court requiring Wible to repay the trust the mortgage principal erroneously distributed to her.

On her appeal, Bailey argues that it was error for Surrogate's Court to authorize petitioner to sell the grantor's former marital residence and divide the proceeds between Wible (who would get a percentage commensurate with the actuarial value of her life estate) and the children. The parties, however, agreed to waive their right to a trial in this matter and to have Surrogate's Court decide the merits of all objections based upon written submissions. These submissions included a "Statement of Issues" prepared by petitioner which summarized the parties' respective positions on the various objections. Bailey's position on this particular issue was that the residence could be sold with the proceeds divided among the beneficiaries, including Wible. Consequently, her current contention that Surrogate's Court improperly concluded that the residence could be sold with a portion of the proceeds distributed to Wible is unpreserved for this Court's review (see generally, General Elec. Tech. Servs. Co. v Clinton, 173 AD2d 86, 89, lv denied 79 NY2d 759).

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order and decree are affirmed, without costs.