■ ELSIE S. CARNEY, Respondent, v ALTON CARNEY, Appellant. [669 NYS2d 577] —Modified judgment, Supreme Court, New York County (Allen Murray Myers, J.H.O.), entered July 8, 1997, awarding plaintiff 20% of defendant's military retirement benefits, retroactive to the date of the original judgment of divorce, unanimously affirmed, without costs.

The parties were divorced in January 1982, when defendant's military pension was not considered a marital asset under Federal law, and thus was not subject to equitable distribution. In September 1982, Congress passed the Uniformed Services Former Spouses' Protection Act, which was expressly made retroactive to include divorces finalized on or after June 25, 1981, and which allows for distribution of military retire-

ment pensions if the distribution of pensions is permitted by applicable State law (see, 10 USC § 1408 [c] [1]). Shortly after defendant retired from the Coast Guard in December 1993, with a 60% disability rating, plaintiff commenced this proceeding seeking to modify the judgment of divorce so as to give her a share of defendant's military pension.

As originally enacted, 10 USC § 1408 (a) (4) provided that if a spouse received any chapter 61 disability benefits, as did defendant, all of that spouse's retirement pay was exempt from division at divorce. In 1986, Congress amended the statute to add a subparagraph (C) exempting only that portion of the retiree's pay as corresponds to his or her disability percentage rating. Defendant contends that since the 1986 amendment was specifically made applicable only to "court orders" issued after the date of enactment (November 14, 1986), and since the only court order that had ever been issued in this case was the parties' 1982 divorce decree, the original wording of the statute must be applied here. This argument is without merit since it overlooks 10 USC § 1408 (a) (2), which defines a "court order" to include a "final decree modifying the terms of a previously issued decree of divorce", and the fact that at all relevant times New York State law has provided for the equitable distribution of pensions (see, Bullis v Bullis, 22 Va App 24, 467 SE2d 830, 835-837 [Ct App]). Accordingly, the Judicial Hearing Officer (JHO) correctly determined that the nondisability portion of defendant's military pension is available for equitable distribution.

Although the JHO failed to recite explicitly the factors considered and the reasons for the award to plaintiff, as required by Domestic Relations Law § 236 (B) (5) (g) and (6) (b) (see, Capasso v Capasso, 119 AD2d 268, 272), we find it unnecessary to remand for further findings of fact since, based on our own review of the evidence (see, O'Brien v O'Brien, 66 NY2d 576, 589; Ciaffone v Ciaffone, 228 AD2d 949, 950), including, inter alia, the age of the parties, the duration of the marriage, the parties' respective contributions to their marriage, the fact that plaintiff did not receive maintenance at the time of the divorce and plaintiff's admitted disability, we find the award appropriate.

We have considered defendant's other contentions and find them to be without merit. Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Saxe, JJ.