■ Dorothy Hartmann, Appellant, v Ten Pin Enterprises, Inc., Doing Business as Bowler's Club, Respondent. [675 NYS2d 688] —Graffeo, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered April 24, 1997 in Albany County, upon a verdict rendered in favor of defendant.

Plaintiff initiated this action to recover damages for injuries she allegedly sustained when she tripped and fell over a step located at a bowling alley owned by defendant. While watching their son participate in a bowling competition, plaintiff and her husband sought to move to a different table to observe the participants as they changed lanes. Immediately preceding the accident, plaintiff's husband secured a table, which was one step higher and a short distance from where they were previously sitting. As plaintiff walked across the floor, she tripped over the step. Plaintiff claimed that she did not see the step but acknowledged not looking at the floor as she was walking toward her husband. An individual employed by defendant, however, testified that she observed plaintiff attempt to step up immediately preceding her fall.

During the charges to the jury, Supreme Court stated that "it appears to be undisputed that [plaintiff] tripped while attempting to ascend a step or riser at the bowling alley operated by defendant". In addition to instructing the jury that they were the sole and exclusive judges of the facts, Supreme Court specifically summarized plaintiff's allegation, in part, by stating: "[Plaintiff] claims that the premises were not reasonably safe because of the presence of a single riser rather than at least three, and that the presence of this single riser was not readily visible and that the presence of this single riser constituted a violation of the state building code which had been accepted or adopted by the Town of Colonie, the municipality in which the defendant's bowling alley is located."

At the completion of the jury charges, counsel for plaintiff took exception to the portion of the charge which stated that plaintiff tripped while attempting to ascend a step since plaintiff's theory, in part, was based on the contention that she could not see the step due to inadequate lighting. After deliberation, the jury returned a verdict in favor of defendant, finding that the premises were reasonably safe.

It is well settled that the trial court should instruct the jury with respect to the parties' factual contentions in relation to the legal principles charged (*see, Green v Downs*, 27 NY2d 205, 208; *Chazon v Parkway Med. Group*, 168 AD2d 660, 662). Supreme Court's statement in reference to plaintiff's fall while "attempting to ascend a step" was not reversible error. The testimony of the witnesses, as well as plaintiff, was not so unequivocal as to render Supreme Court's statement inaccurate. In any event, the court's statement did not prejudice plaintiff's contention that the step or riser was not readily visible especially in light of the fact that the court fairly and accurately instructed the jury with respect to the parties' respective contentions and further explained that the jury's collective recollection of the facts governed. Because the jury charges "neither directed the jury to any specific outcome nor precluded the jury from reaching any impartial verdict" (*Brennan v Palen*, 176 AD2d 1138, 1139), reversal is not warranted (*cf., Gonzalez v City of New York*, 148 AD2d 668, 672-673, *lv denied* 74 NY2d 608).

We also reject plaintiff's contention that Supreme Court erred in refusing to permit plaintiff's son to testify at trial. Plaintiff's failure to disclose the identity of this witness prior to trial despite defendant's duly served demand justified the court's order (*see, Kavanaugh v Kuchner*, 243 AD2d 445; *Keane v Samuel Tile Corp.*, 221 AD2d 418, 419, *lv denied* 88 NY2d 805), which was made pursuant to its broad discretionary power to regulate the conduct of the trial (*see, Feldsberg v Nitschke*, 49 NY2d 636, 643; *Gombas v Roberts*, 104 AD2d 521, 522).

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.