■ ROBERT W. MEYER et al., Appellants, v DANIEL M. ZEICHNER et al., Respondents. [693 NYS2d 274] —Mercure, J. Appeals

(1) from an order of the Supreme Court (Pulver, Jr., J.), entered March 26, 1998 in Ulster County, which, *inter alia*, granted defendants' motion to preclude plaintiffs from offering medical expert testimony and dismissed the complaint, and (2) from an order of said court, entered July 7, 1998 in Ulster County, which denied plaintiffs' motion for reconsideration.

Plaintiffs commenced this medical malpractice action in January 1995. Defendants answered the complaint on February 22, 1995 and at the same time served a request for discovery of expert witness information pursuant to CPLR 3101 (d) (1). On February 4, 1997, plaintiffs filed a note of issue and statement of readiness indicating, *inter alia*, that all discovery proceedings were complete. In April 1997, Supreme Court gave notice that the action was scheduled for trial on February 2, 1998 and that no adjournments would be permitted without leave of the court. At a January 27, 1998 pretrial conference, plaintiffs' counsel made an oral request for an adjournment of the trial upon the ground that the attorney who was in charge of the case was engaged on trial. The request was denied, and the parties and their respective attorneys appeared for trial on February 2, 1998. At that time, plaintiffs made an additional request for an adjournment upon the ground that they were not prepared to proceed because they did not have an expert who was able to testify during the month of February 1998. Supreme Court granted the request and adjourned the trial for a period of 30 to 35 days, but indicated that a motion to dismiss the complaint would be entertained.

Defendants promptly moved to reargue plaintiffs' motion for an adjournment and to dismiss the complaint based upon plaintiffs' complete failure to respond to their discovery request for expert witness information. Plaintiffs' attorneys cross-moved, *inter alia*, for an order permitting them to withdraw as attorneys of record for plaintiffs. Finding that plaintiffs had failed to make a showing of good cause for their ongoing failure to respond to defendants' discovery request, that preclusion was the appropriate remedy and that, absent expert testimony, plaintiffs could not establish a prima facie case of medical malpractice, Supreme Court granted defendants' motion and dismissed the complaint. Supreme Court failed to address the withdrawal application and denied plaintiffs' subsequent motion for renewal or reargument. Plaintiffs appeal.

We affirm. CPLR 3101 (d) requires timely disclosure of expert witnesses to enable the parties to adequately prepare for trial. Notably, where a party fails to comply with a request for expert disclosure without showing good cause therefor, the trial court

has the authority to preclude the party from offering expert testimony, particularly in a medical malpractice action, where expert testimony is normally required to establish a prima facie case (*see, Tleige v Troy Pediatrics*, 237 AD2d 772, 774; *see also, Karney v Arnot-Ogden Mem. Hosp.*, 251 AD2d 780; *Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 696). The sole evidence presented in opposition to defendants' dismissal motion consisted of the sworn averment of plaintiffs' attorneys that at the time the action was commenced "a physician was consulted in connection with plaintiff[s'] certificate [of] merit" and that "[m]ost unfortunately, and to our surprise, due to advanced age and frail mental health, that physician is currently unavailable to testify at trial". While arguably relevant (albeit minimally probative) on the issue of plaintiffs' request for an adjournment, the statement bears no discernible relationship to the question of plaintiffs' failure to timely respond to the request for expert witness information. Plaintiffs having provided absolutely no excuse for their default, Supreme Court acted within its broad discretion in precluding plaintiff from offering expert testimony and dismissing the complaint (*see, id.*; *Bauernfeind v Albany Med. Ctr. Hosp.*, 195 AD2d 819, 820, *appeal dismissed, lv denied* 82 NY2d 885).

In view of Supreme Court's dismissal of the complaint, there was and is no need to address the merits of the application for withdrawal. We also note that plaintiffs' brief does not challenge the propriety of Supreme Court's denial of their motion for reconsideration. Plaintiffs' additional contentions have been considered and found to be lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.