■ JOSEPH F. NIGRO et al., Appellants, v JAMES T. MOORE et al., Respondents. [716 NYS2d 446] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 4, 1998 in Albany County, upon a verdict rendered in favor of defendants.

Plaintiffs commenced this negligence action in May 1995 to recover for injuries sustained in a June 7, 1994 motor vehicle accident. The matter proceeded to trial in October 1998 and the jury rendered a verdict in favor of defendants. Plaintiffs appeal, contending only that Supreme Court abused its discretion in precluding the testimony of their accident reconstruction expert, Raymond Hagglund, on the basis of their untimely response to defendants' demand for expert disclosure. We disagree and accordingly affirm.

The record establishes that, despite the fact that defendants served a CPLR 3101 (d) (1) (i) demand for expert disclosure in July 1995, plaintiffs provided no particulars regarding Hagglund until October 19, 1998, the first day of trial. Upon the argument of defendants' ensuing oral preclusion motion, plaintiffs offered as excuses for their very tardy compliance that their current counsel was retained only a short time prior to the scheduled trial date, that plaintiffs' new counsel thereupon sought but was denied an adjournment of the trial, and that Hagglund was retained by plaintiffs' counsel but was on trial in Vermont for the three weeks prior to the trial. In response, defendants stated without contradiction that Supreme Court (Hughes, J.) had at a September 1998 pretrial conference directed plaintiffs to make a motion for leave to serve a late expert response and to serve such response no later than September 15, 1998, later extended by stipulation to September 18, 1998.

Although CPLR 3101 (d) (1) (i) provides that "where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert's testimony at the trial solely on grounds of noncompliance with this paragraph," we agree with Supreme Court that plaintiffs made no showing of good cause for having retained their reconstruction expert more than three years after commencement of the action and a matter of just a few weeks prior to trial. In addition, they offered no excuse for their failure to comply with Supreme Court's September 18, 1998 deadline for service of particulars regarding Hagglund. No reason has been given why the expert's involvement in a trial in Vermont prevented plaintiffs from furnishing the required information and we can perceive none. We accordingly conclude that Supreme Court did not abuse its discretion in precluding Hagglund's testimony (*see, Meyer v Zeichner*, 263 AD2d 597, 598-599; *Grassel v Albany Med. Ctr. Hosp.*, 223 AD2d 803, 805, *lv denied and dismissed* 88 NY2d 842; *Ingleston v Francis*, 206 AD2d 745; *Vicinanzo v Vicinanzo*, 193 AD2d 962, 967).

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.