In the Matter of the Trust Created by JAMES F. WIBLE. STEPHEN PALKA, as Trustee of the Trust Created by JAMES F. WIBLE, Respondent; SHARON A. BAILEY, Appellant, and ILEAN S. WIBLE, Respondent. [726 NYS2d 175] —Carpinello, J. Appeal from a decree of the Surrogate's Court of Warren County (Austin, S.), entered December 13, 1999, which, inter alia, terminated a trust created by James F. Wible.

Shortly before his death, decedent created an inter vivos trust funded by his residence, household furnishings, boat and the proceeds of a note and mortgage. Following his death, the trust agreement required that the trustee pay 40% of the monthly net proceeds of the note to decedent's children, including respondent Sharon A. Bailey. The trustee was also required

to pay decedent's wife, respondent Ilean S. Wible, the net income from, or provide her with exclusive possession and use of, the remainder of the trust corpus. Upon Wible's death, the trust was to be terminated and all proceeds distributed to the children.

After the note and mortgage were prepaid in full, the trustee distributed 40% of the resulting proceeds to the children and 60% to Wible. On a prior appeal, this Court affirmed an order of Surrogate's Court which, *inter alia*, directed Wible to return the principal of the note and mortgage that had been erroneously distributed to her (241 AD2d 863). The order of Surrogate's Court also authorized the trustee to sell the residence and to distribute to Wible that portion of the proceeds commensurate with the actuarial value of her life estate (*id.*, at 865). With regard to the sale of the residence and distribution of its proceeds, we noted that Bailey had effectively consented to this procedure (*id.*, at 865).

Petitioner, the trustee, thereafter filed a final accounting and both Wible and Bailey filed objections. Upon petitioner's motion for partial summary judgment, Surrogate's Court directed, *inter alia*, that the distribution to Wible include the actuarial value of her life interest in the residence, as well as her life interest in the principal of the note and mortgage which she had repaid to the trust. The court also directed that the remainder of the trust corpus be distributed to the children and that the trust be terminated. Following a hearing at which Wible's expert testified as to the actuarial value of her life interest, the court issued a decree which settled the final account, awarded commissions to petitioner and counsel fees to petitioner's counsel, distributed the remaining corpus of the trust and terminated it. Bailey appeals.

First, we disagree with Bailey's claim that Surrogate's Court erred in terminating the trust without her consent. In addition to distributing 40% of the proceeds from the note and mortgage to Bailey and her siblings, the remaining purpose of the trust was to provide Wible with a residence and/or income for her lifetime. Sale of the residence and distribution of its proceeds, to which Bailey consented, substantially depleted the trust corpus and eliminated both the need for and means of providing Wible with a lifetime residence or its income equivalent. Accordingly, the main purpose of the trust was frustrated. This being the case, and upon consideration of the administrative costs necessarily involved in continuing the trust, including the filing of tax returns and accountings, we are of the view that Surrogate's Court did not err in distributing the small

remaining amount of principal and terminating the trust (see, Turano, 1997 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 7-2.2, 2001 Pocket Part, at 44).

Next, we also find without merit Bailey's claim that Surrogate's Court erred in precluding her from presenting an expert witness. Both Wible and Bailey initially failed to comply with expert disclosure demands, including petitioner's demands. Accordingly, by order dated August 12, 1999, the court advised the parties that petitioner's motion to preclude expert testimony would be granted on August 23, 1999 "absent meaningful opposition." Wible provided her written response to the expert disclosure demands within the grace period allowed by the court; Bailey, however, did not and offered no valid excuse for failing to do so. In these circumstances, we see no abuse of the court's broad discretion in its supervision of disclosure and ultimate decision to preclude expert testimony by Bailey (see, Meyer v Zeichner, 263 AD2d 597).

Bailey also contends that Surrogate's Court erred in awarding commissions to petitioner, relying upon a provision of the trust agreement that a "non-corporate trustee shall serve hereunder without fee." Although Bailey raised objections concerning the amount of petitioner's commissions, her objections to petitioner's final accounting contained no claim that petitioner was not entitled to any commissions. Accordingly, the issue was not preserved for our review (see, Matter of Gates, 120 AD2d 890, 892). That Bailey ultimately raised the issue in a posthearing memorandum submitted to Surrogate's Court does not alter our conclusion. With regard to counsel fees, petitioner's counsel submitted documentary evidence, including billing records, in support of the requested fees and the record provides no basis to disturb the court's award (see, Matter of Campagna, 267 AD2d 512). Although Wible joins in Bailey's arguments regarding commissions and counsel fees, we note simply that Wible did not appeal from the decree. Finally, we find no error in the allocation of trust expenses made in accordance with EPTL 11-2.1.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decree is affirmed, with one bill of costs.