■ JOHN AMODEO et al., Appellants, v TOWN OF MARLBOROUGH, Respondent. [763 NYS2d 132] —Peters, J. Appeal from a

508

judgment of the Supreme Court (Czajka, J.), entered April 3, 2002 in Ulster County, upon a decision of the court in favor of defendant.

Plaintiffs own two neighboring parcels in the Town of Marlborough, Ulster County, both of which are served by a storm water drainage system maintained by defendant. As here relevant, the drainage system begins at a state-owned box culvert on the west side of Route 9W which runs the water west to east underneath Route 9W to a catch basin located adjacent to plaintiffs' properties. There, the surface water from plaintiffs' properties and that accumulated from Route 9W is routed over an embankment at the rear of plaintiffs' properties through a 36-inch metal pipe which was owned and installed by plaintiffs.

Plaintiffs assert that prior to defendant's renovations of the drainage system, an acceptable flow of surface water drained into the catch basin. They believed that another catch basin located to the west of the state-owned box culvert did not drain into the culvert. According to plaintiffs, defendant "broke through" the east wall of that catch basin and laid a pipe between the catch basin and the box culvert, causing a substantial increase in the water flow which routed through plaintiffs' pipe. In this action, they allege that, in the absence of an easement, the increase in volume constitutes a trespass and a continuing nuisance causing property damage. Plaintiffs supported these assertions through numerous witnesses, as well as the expert testimony of Scott Kartiganer, an engineer.

Defendant's witnesses and its expert, Dennis Larios, an engineer, testified to the contrary. They testified that the catch basin and box culvert were connected by an old, dilapidated trough going into a stone culvert. During the 1990 renovation, an 18-inch metal pipe was inserted into the trough. George Letchus, Deputy Superintendent of the Town's Highway Department, opined that this renovation did not alter the water flow, an opinion confirmed by Larios. Members of the Highway Department who worked on such renovation confirmed that they never broke through the catch basin or connected such catch basin to the box culvert since the connection to the culvert had previously existed. Supreme Court credited defendant's witnesses over those of plaintiffs and dismissed the complaint in its entirety. This appeal ensued.

In our review of this nonjury trial, we assess "the weight of the evidence presented and grant judgment warranted by the record, giving due deference to the trial court's determinations regarding witness credibility" (*Riggs v Benning*, 290 AD2d 716, 717 [2002] [citation omitted]; *see Glencoe Leather Corp. v*

*Parillo*, 285 AD2d 891, 892 [2001]; *Burton v State of New York* 283 AD2d 875, 877 [2001]), "unless it is manifest that [the court's findings] are contrary to any fair interpretation of the evidence" (*Matter of Roth v S & H Grossinger*, 284 AD2d 746, 747 [2001]). Upon our review, we find no basis to disturb the determination rendered. Supreme Court properly rejected Kartiganer's testimony since he not only lacked the critical predicate information he said he needed to form an opinion, but also testified inconsistently. By crediting defendant's witnesses, there was no need to prove the existence of an easement, prescriptive or otherwise, as the testimony established that no additional water was diverted onto plaintiffs' properties (*cf. Caswell v Bisnett*, 50 AD2d 672, 673 [1975], *lv denied* 38 NY2d 709 [1976]).

Plaintiffs' assertion that Supreme Court dismissed plaintiffs' trespass claim due to a failure to prove damages is similarly unavailing. While we agree that monetary damage is not an element of trespass (*see Ivancic v Olmstead*, 66 NY2d 349, 352-353 [1985], *cert denied* 476 US 1117 [1986]; *Golonka v Plaza at Latham*, 270 AD2d 667, 669 [2000]), we find that the court was not referencing a failure to set forth a monetary claim but, rather, a claim of intrusion onto the property as a result of the renovation.

As to the preclusion of plaintiffs' additional expert and fact witnesses, we note that approximately three years passed between the commencement of the action and the trial and one year elapsed between the first and second day of testimony. While the parties agreed, during the lapse in testimony, to have relevant areas excavated, they tendered the request for additional witnesses only three weeks prior to the second day of testimony. Recognizing that the excavation could have occurred at any point after the commencement of this action, we agree that plaintiffs failed to establish good cause for the delay in its recent expert request (*see Nigro v Moore*, 277 AD2d 632, 633 [2000]). As to the other fact witnesses propounded by plaintiffs, Supreme Court's determination to preclude these witnesses falls squarely within its "broad discretionary power to regulate the conduct of the trial" (*Hartmann v Ten Pin Enters.*, 252 AD2d 858, 859 [1998]; *see Rushford v Facteau*, 280 AD2d 787, 789 [2001]; *Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 696 [1998]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.