■ LEEANNE MILNARIK, Respondent-Appellant, v RAYMOND W. MILNARIK, JR., Appellant-Respondent. [805 NYS2d 151]—

Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered July 6, 2004 in Albany County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court, and (2) from an order of said court, entered October 1, 2004 in Albany County, which, inter alia, denied plaintiff's cross motion to hold defendant in contempt of a prior judgment.

This matrimonial action was filed after the parties had been married for 12 years and had three children now ranging in ages from 8 to 13. Defendant appeals the July 2004 judgment, among other things, dissolving the marriage, claiming that Supreme Court erred in certain aspects of its equitable distribution award, that the child support and maintenance awards need to be recalculated and that the court abused its discretion in awarding counsel fees to plaintiff.[1] Our review of the record reveals that only certain of defendant's contentions have merit. To the extent this Court can resolve these matters on the record before us, we will do so. Otherwise, remittal is necessary.

First, the imputation of $211,300 in income to defendant was well within the range of income that he had earned in sales and real estate development during the marriage and thus will not be disturbed by this Court.[2] Tax records reveal that in the years preceding the commencement of this action, defendant earned between $129,444 and $273,429. Indeed, when questioned at trial about how much he earned annually during the marriage, defendant testified that he "remember[s] making about $200,000 a year." This testimony was consistent with the testimony of his former employer, who testified that defendant worked for him for two years and earned a little over $400,000 in salary and bonuses between 2000 and 2002 (in addition to a country club membership and car allowance).

We agree, however, that Supreme Court failed to sufficiently explain the precise deductions it was applying to this figure. Nor does it appear that the court deducted defendant's spousal maintenance obligation from his imputed income (see Domestic Relations Law § 240 [1-b] [b] [4], [5] [vii] [C]; see also Nichols v Nichols, 19 AD3d 775, 777 [2005]; Ciaffone v Ciaffone, 228 AD2d 949, 952 [1996]). Thus, the matter must be remitted for

---

1. Supreme Court's decision consisted of marking each paragraph within the parties' respective proposed findings of fact and conclusions of law with either "found" or "not found."

2. Defendant does not dispute that income should be imputed to him, but claims that this Court should impute a more "reasonable" sum, namely, $133,000.

clarification and recalculation of child support. Upon remittal, since plaintiff testified that she earned between $1,200 and $1,400 per month, her income should be set at $15,600 (an average of these two figures).[3] As a final matter on the issue of child support, we find no abuse of discretion in calculating child support on the combined parental income in excess of $80,000 given the lavish lifestyle enjoyed during this marriage, which included a million dollar home, a second home on an island in Lake Placid, luxury vehicles, boats, a country club membership and private schooling for their two sons.

With respect to Supreme Court's award of spousal maintenance, defendant does not dispute that plaintiff is entitled to maintenance for five years, but claims that the sum awarded ($3,000 per month) results in a "double counting" of the private school expenses he was also ordered to pay. We are unpersuaded. Plaintiff's monthly expenses, exclusive of the private school tuition, were well over $8,000. The award of $3,000 per month for five years was entirely appropriate, particularly since the parties agreed that plaintiff would not work once they had children, there is a great disparity in their incomes and they enjoyed a lavish lifestyle during the marriage (see Domestic Relations Law § 236 [B] [6]). Moreover, since the uncontroverted evidence in the record establishes that defendant insisted that his sons attend this particular private school, we reject his contention that the court erred in directing him to pay his pro rata share of such expense.[4]

Next, defendant correctly argues that he is entitled to credits for his contributions of separate property to the acquisition of certain marital assets. Uncontradicted trial testimony established that $120,000 of an inheritance and $10,000 from the sale of a boat that defendant owned prior to the marriage were used to purchase the Lake Placid property and to construct the second home and boat house on it. Similarly, uncontradicted trial testimony established that defendant realized $24,000 from the sale of a home he owned prior to the marriage and then used these proceeds toward construction of the marital residence. Notably, there was no evidence that any of these funds were ever placed in a joint account or otherwise commingled with marital funds (see *Chiotti v Chiotti*, 12 AD3d 995, 996

---

**3.** Defendant takes issue with Supreme Court's finding that plaintiff's income is only $12,000 per year. Although the difference is nominal, her income should be set consistent with her own trial testimony.

**4.** As of the trial, only their eldest son still attended this school and only had one more academic year left before he would transfer to the public high school.

[2004]; *Zanger v Zanger*, 1 AD3d 865, 866-867 [2003]). To the contrary, defendant's uncontradicted testimony was that most of these funds were placed in an account that he owned jointly with his brother (*compare Ciaffone v Ciaffone, supra* at 951). Thus, we find that defendant is entitled to a $154,000 credit representing these separate contributions (*see Chiotti v Chiotti, supra; Zanger v Zanger, supra; Strang v Strang*, 222 AD2d 975, 977 [1995]; *Glazer v Glazer*, 190 AD2d 951, 952 [1993]; *see also Bartha v Bartha*, 15 AD3d 111 [2005]).

Defendant is also entitled to a $3,250 credit representing half the value of jewelry he gave to plaintiff during the marriage (*see Spilman-Conklin v Conklin*, 11 AD3d 798, 802 [2004]; *Ciaffone v Ciaffone, supra* at 953). Defendant's argument that Supreme Court erroneously failed to credit him half the value of an automobile awarded plaintiff, however, is unpersuasive. Although there was evidence concerning the purchase price of this vehicle, no updated evidence was offered at trial concerning its value and therefore we cannot say the court abused its discretion in denying him a credit (*see Nichols v Nichols, supra* at 778; *Fabricius v Fabricius*, 199 AD2d 695, 697 [1993]). Next, we find no error in Supreme Court's calculation of child support arrears, its decision not to offset either child support or spousal maintenance with distributions from a trust set up in the childrens' names after this action had been commenced or its allocation of debt. Furthermore, to the extent that the issue of counsel fees is properly before us, we discern no abuse of discretion in awarding such fees to plaintiff.

Finally, with respect to plaintiff's appeal from the October 2004 order, the judgment of divorce is ambiguous concerning the distribution of the parties' second home, an asset titled in the names of defendant, his brother, and plaintiff's father.[5] Notwithstanding the fact that the judgment was drafted by plaintiff's former attorneys, this ambiguity should be clarified by Supreme Court upon remittal.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied defendant certain credits, ordered defendant to pay child support and ordered equitable distribution of the parties' marital property; credit defendant with $154,000 to reflect his separate property contributions to certain marital assets and $3,250 representing half the value of jewelry, and matter remitted to the Supreme Court for a redetermina-

---

5. The judgment purports to order both the sale of the parties' interest in this camp (even though defendant only owns a one-third interest in it), as well as the transfer of defendant's interest in the camp to plaintiff.

tion of the equitable distribution of the parties' property and defendant's child support obligation; and, as so modified, affirmed. Ordered that the order is affirmed, without costs.