■ MELIHA KALKAN et al., Appellants, v NYACK HOSPITAL et al., Respondents. [625 NYS2d 56] —In a medical malpractice action to recover damages for personal injuries, the plaintiffs appeal from (1) a judgment of the Supreme Court, Rockland County (Meehan, J.), entered March 4, 1994, and (2) a resettled judgment of the same court, dated March 14, 1994, which, upon the granting of the defendants' motion to dismiss the complaint made prior to any proof being taken at trial, dismissed the complaint and awarded costs and disbursements to the defendants.

Ordered that the appeal from the judgment is dismissed as that judgment was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

By order dated October 4, 1990, the plaintiffs were directed to provide the defendants with expert witness information pursuant to CPLR 3101 (d). The plaintiffs failed to offer any expert witness information until the eve of trial, after the jury had been chosen. The plaintiffs offered as "good cause" for the delay their belief that the case would be tried on the theory of ordinary negligence. The plaintiffs contend that they first became aware that the case would not be tried on ordinary negligence principles when the Supreme Court ruled that the action sounded in medical malpractice.

The Supreme Court properly determined that this action sounded in medical malpractice (see, Stanley v Lebetkin, 123 AD2d 854). Additionally, the plaintiffs' proffered excuse does

not rise to the level of "good cause" so as to avoid preclusion of expert testimony under CPLR 3101 (d). The plaintiffs had framed their case, from the outset, as a medical malpractice action, and it is inconceivable that the plaintiffs would be surprised when the court determined that it would be tried as such. Under these circumstances, the trial court's order of preclusion was proper (see, Corning v Carlin, 178 AD2d 576).

Since the plaintiffs were unable to present expert opinion testimony to prove that the defendants' conduct constituted a deviation from the requisite standard of care, they were necessarily unable to make out a prima facie case and the complaint was properly dismissed (see, Lasek v Nachtigall, 189 AD2d 749). Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.