■ ICD GROUP, INC., Appellant-Respondent, v ISRAEL FOREIGN TRADE CO. (USA) INC. et al., Respondents-Appellants. [633 NYS2d 148] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered August 1, 1994, awarding defendant damages of $808,443.12, inclusive of interest and costs, and bringing up for review a prior order, same court (Edward Greenfield, J.), entered on or about September 14, 1993, which, granting defendant's motion for disclosure sanctions, struck plaintiff's complaint and deemed liability issues on defendant's counterclaim resolved in favor of defendant, unanimously modified, on the facts, to vacate the award of damages and to remand the matter for further proceedings by the assessment court, including a written decision setting forth its reasons for rejecting defendant's claims with respect to the two series of trades denominated as 2882F and Exhibit K, and otherwise affirmed, without costs. The appeal from the order is unanimously dismissed as superseded by the appeal from the judgment, without costs.

The assessment court properly precluded plaintiff from offering testimony supporting various setoffs against defendant's damages as a sanction for disclosure violations that had

deprived defendants of documents on the same subject matter and for which summary judgment on the issue of liability had been granted in defendant's favor (*see, Crowley v Montefiore Hosp. & Med. Ctr.*, 128 AD2d 443). Liability and damages are so intertwined that plaintiff should not be able to limit damages through evidence that it claimed was missing when liability was still in issue (*cf., Rokina Opt. Co. v Camera King*, 63 NY2d 728). Concerning the cross appeal, the assessment court's preclusion of defendant's calculation of plaintiff's profits for two series of contracts requires further elaboration. While defendant concedes that for one contract in one series its information is insufficient to establish that a sale had actually occurred, it is not clear whether the court precluded testimony concerning only the one contract, or the entire series, and, if so, why. For the other series of contracts, while the court expressed exasperation at the mathematical models used by the individual defendant, testifying as a witness, to estimate profits, its reasons for precluding further testimony on this subject are unclear. It is also unclear whether evidence in connection with both series of contracts was precluded because of the methodology employed; because the contracts, collectively and individually, did not warrant relief; or whether valid evidence might have been overlooked in a factually complicated case. Accordingly, we remand for the assessment court's further consideration and a written decision on the issues raised in the cross appeal, and otherwise affirm. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Tom, JJ.