■ JOSEPH ALIZIO, Appellant, v PETER R. PERPIGNANO, as Executor of the Estate of PETER PERPIGNANO, Deceased, et al., Respondents, et al., Defendants. [640 NYS2d 191]

The plaintiff was a former general partner of the defendant New Haven Plaza Associates (hereinafter New Haven), a New York general partnership. In October 1980, New Haven became a limited partnership when its seven general partners entered into investment and partnership agreements with the defendant Real Estate Associates Limited II (hereinafter Real II), pursuant to which Real II was to make certain installment payments directly to the seven former general partners and capital contributions to the newly-formed limited partnership. The final payment was made by Real II at a closing, at which the parties executed a disbursement agreement acknowledging that all required payments had been made. The disbursement agreement contained a provision releasing Real II from any future claims.

The plaintiff commenced the instant action to recover sums allegedly owed to him by the various defendants pursuant to the parties' agreements, as well as for dissolution of New Haven for alleged breaches of fiduciary duties. All of the defendants except for Irving Eisenberg, Leonard Eisenberg, and Anthony Alizio subsequently moved to dismiss the plaintiff's first through fourth causes of action based upon the release contained in the disbursement agreement, and the sixth and seventh causes of action pursuant to CPLR 3016 (b), on the ground that the complaint failed to allege with sufficient particularity the acts that gave rise to breaches of the defendants' fiduciary duties. The Supreme Court, *inter alia,* rejected the plaintiff's contentions that the release executed on his behalf pursuant to a limited power of attorney was ineffective, and granted the motion. We now reverse.

The defendants failed to attach a copy of the complaint to their motion papers. There is no indication that the Supreme Court had otherwise been provided with a copy prior to making its determination and none is included in the record on appeal. Under the particular facts of this case, a copy of the complaint was necessary in order to determine the motion. Without a copy of the complaint it is impossible to discern the plaintiff's

theories of recovery against the numerous defendants against whom he asserts claims. It is not clear which of these defendants may be protected from the plaintiff's first through fourth causes of action by the release. It is similarly impossible to consider whether the facts supporting the sixth and seventh causes of action for breach of fiduciary duty were alleged with sufficient particularity when the court apparently lacked the pleading setting forth the precise allegations (*see,* CPLR 2214 [c]; 3016 [b]). Since the defendants failed to provide the Supreme Court with the very pleading necessary to establish the validity of their defenses, the court improperly granted their motion. Miller, J. P., Hart, Friedmann and Florio, JJ., concur.