■ INTERFILM, INC., et al., Appellants, v ADVANCED EXHIBITION CORPORATION, Formerly Known as ADVANCED ENTERTAINMENT CORPORATION, et al., Respondents. [672 NYS2d 309] —Orders, Supreme Court, New York County (Charles Ramos, J.), entered December 11, 1997, which granted defendants' motions to limit plaintiffs' proof of damages to a maximum of $250,000 and to preclude the testimony of their expert witness, unanimously affirmed, with costs.

Defendants' motions were properly entertained on the eve of trial since they had clear merit, their lateness was due to plaintiffs' own lateness in making certain disclosure, and there were no other indications that they were made as a dilatory tactic (*see, Kule Resources v Reliance Group*, 49 NY2d 587, 591). On the merits, proof of plaintiffs' "reliance damages", essentially any and all monies they expended to create and operate their start-up business and allegedly lost because plaintiffs were forced to shut down when defendants refused to finance a third film pursuant to the second amendment of the subject contract, were properly precluded for several reasons. First, recovery of such damages would place plaintiffs in a better position than if the third film had been financed in accordance with the second amendment (*see, Freund v Washington Sq. Press*, 34 NY2d 379, 382). Second, plaintiffs' claim of such damages is purely speculative in view of the conceded unqualified failure of their first two films and in the absence of any convincing evidence that the third would have done better. Third, such damages may not be recovered in addition to lost profits (*see, Kenford Co. v County of Erie*, 108 AD2d 132, 145, *affd on*

*other grounds* 67 NY2d 257), which are ascertainable under the second amendment as being in the amount of $250,000. Fourth, plaintiffs' own witnesses testified at their depositions that the annual and quarterly financial reports produced were inadequate to show the exact nature and extent of the claimed reliance damages, and plaintiffs have not explained their failure to produce the 10 to 15 four-drawer cabinets of underlying financial records identified by their own witnesses (*see, ICD Group v Israel Foreign Trade Co.*, 221 AD2d 152). In view of the foregoing, expert testimony on the subject of reliance damages would be unnecessary. In any event, the court properly precluded the testimony of plaintiffs' proposed expert for their inexcusable failure to identify him or his expected testimony and supporting facts until the eve of trial, and then only in the most general terms (*see, Vigilant Ins. Co. v Barnes*, 199 AD2d 257). Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Andrias, JJ.