■ PATRICIA RASSAEI, Appellant, v BRIAN P. KESSLER et al., Respondents. [676 NYS2d 217] —In an action to recover damages for personal injuries based on medical malpractice, the plaintiff appeals from an order of the Supreme Court, Rockland County (Miller, J.), dated October 10, 1997, which granted the defendants' application to preclude her from offering expert testimony at the trial.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The order appealed from did not determine a motion made on notice, and therefore is not appealable as of right (see, Greater N. Y. Mut. Ins. Co. v Lancer Ins. Co., 203 AD2d 515; Delloiaco v City of New York, 174 AD2d 705). However, under the particular facts presented, we deem the notice of appeal to be an application for leave to appeal, and grant the application in the interest of justice (see, e.g., Sena v Nationwide Mut. Fire Ins. Co., 198 AD2d 345; Greenfield v Greenfield, 147 AD2d 440).

The Supreme Court granted the defendants' application to preclude the plaintiff from producing any expert testimony based on the plaintiff's failure to comply with CPLR 3101 (d) (1) (i) until the eve of trial, and until after the defendants' in limine application had been made. The Supreme Court has broad discretion in this matter, which involves both supervision of pretrial disclosure and management of its own trial calendar (see, e.g., Marra v Hensonville Frozen Food Lockers, 189 AD2d 1004). The Supreme Court, in its decision, stated that an attorney who was "of counsel" for the plaintiff, during the course of a previous appearance, had advised that "expert witness disclosure had been completed". The plaintiff points to nothing in the record to contradict this, or any of the other findings contained in the Supreme Court's decision. Under all the circumstances, we conclude that the Supreme Court did not improvidently exercise its discretion (see, e.g., Interfilm,

*Inc. v Advanced Exhibition Corp.,* 249 AD2d 242; *Lyall v City of New York,* 228 AD2d 566; *Vigilant Ins. Co. v Barnes,* 199 AD2d 257). Bracken, J. P., Thompson, Pizzuto and Altman, JJ., concur.