PAMELA M. BICKFORD, Appellant-Respondent, v ST. FRANCIS HOSPITAL, Respondent-Appellant, and JOSEPH PRISCO et al., Respondents. [796 NYS2d 149]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Pagones, J.), dated November 20, 2003, and an amended order and judgment (one paper) of the same court dated June 14, 2004, which, upon an order of the same court dated June 25, 2002, inter alia, granting the motion of the defendant St. Francis Hospital for summary judgment dismissing the

complaint insofar as asserted against it, granting those branches of the separate motions of the defendants Joseph Prisco, Mid-Hudson Oral and Maxillofacial Surgeons, P.C., Vincent Catalano and Joseph Arcuri, and the defendant Vittal Rao, which were for summary judgment dismissing the wrongful death cause of action, and granting the separate motion of the defendant Elliot Levine for summary judgment dismissing the wrongful death cause of action, upon an order of the same court dated September 3, 2003, granting the separate motions of the defendants Joseph Prisco, Mid-Hudson Oral and Maxillofacial Surgeons, P.C., Vincent Catalano, and Joseph Arcuri, the defendant Vittal Rao, and the defendant Elliot Levine, to preclude the plaintiff's expert from testifying at the trial, and upon an order of the same court dated June 14, 2004, granting the motion of the plaintiff to amend the order and judgment to provide that the complaint was dismissed insofar as asserted against the defendant St. Francis Hospital, inter alia, granted the applications of all of the defendants except St. Francis Hospital to dismiss the remainder of the complaint insofar as asserted against them, and dismissed the complaint in its entirety, and the defendant St. Francis Hospital cross-appeals from the amended order and judgment.

Ordered that the appeal from the order and judgment is dismissed, as the order and judgment was superseded by the amended order and judgment; and it is further,

Ordered that the cross appeal from the amended order and judgment is dismissed, as the defendant St. Francis Hospital is not aggrieved by the amended order and judgment (*see* CPLR 5511); and it is further,

Ordered that the amended order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law dismissing the wrongful death cause of action, by providing evidence establishing that there was no "significant causal connection" between their alleged negligence and the decedent's suicide (*Fuller v Preis*, 35 NY2d 425, 429 [1974]). Since, in response, the plaintiff failed to raise a triable issue of fact as to causation, the Supreme Court correctly granted summary judgment dismissing the wrongful death cause of action (*see Grzelecki v Sipperly*, 2 AD3d 939 [2003]).

In addition, St. Francis Hospital (hereinafter the hospital) met its burden of establishing its prima facie entitlement to

judgment as a matter of law by establishing that it could not be held vicariously liable for the alleged negligence of the other defendants, who were private attending physicians not employed by it (*see Orgovan v Bloom*, 7 AD3d 770 [2004]). Since, in response, the plaintiff failed to raise a triable issue of fact, the court correctly granted the hospital's motion for summary judgment dismissing the complaint insofar as asserted against it (*see Dolan v Jaeger*, 285 AD2d 844 [2001]).

The record supports the Supreme Court's findings that the plaintiff's failure to respond in a timely manner to the demands for expert disclosure was willful, and that the defendants Joseph Prisco, Mid-Hudson Oral and Maxillofacial Surgeons, P.C., Vincent Catalano, Joseph Arcuri, Vittal Rao, and Elliot Levine (hereinafter the remaining defendants) suffered prejudice as a result of the belated disclosure (*cf. Lanoce v Kempton*, 8 AD3d 449 [2004]; *Shopsin v Siben & Siben*, 289 AD2d 220 [2001]). Under these circumstances, the court properly granted the motions to preclude the plaintiff's sole expert from testifying at the trial (*see* CPLR 3101 [d] [1] [i]; *Vigilant Ins. Co. v Barnes*, 199 AD2d 257 [1993]). Since, as a result, the plaintiff was unable to present expert opinion testimony, and therefore unable to make out a prima facie case, the court also correctly granted the remaining defendants' applications to dismiss the remainder of the complaint (*see Rossi v Matkovic*, 227 AD2d 609 [1996]; *Kalkan v Nyack Hosp.*, 214 AD2d 538 [1995]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Rivera, JJ., concur.