ALBERT SCHWARTZBERG et al., Respondents, v KINGSBRIDGE HEIGHTS CARE CENTER, INC., et al., Appellants. [813 NYS2d 734]—

In an action to recover damages for breach of a contract to purchase two nursing homes, the defendants appeal from a judgment of the Supreme Court, Westchester County (Rudolph, J.), entered September 10, 2003, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $764,190.71.

Ordered that the judgment is affirmed, with costs.

On May 26, 1993, the plaintiffs executed an "Agreement of Sale" to sell two nursing homes to the defendant Helen Sieger, in her capacity as the organizer of a corporation to be formed to

purchase and operate the nursing homes, i.e., the defendant Kingsbridge Heights Care Center, Inc. (hereinafter KHCC). Pursuant to paragraphs 1.8 and 3.1 of the Agreement of Sale, the purchase price was to be the net worth of the two nursing homes, as determined by a final accounting. Insofar as is relevant to this appeal, the final accounting was defined as "the certified audited balance sheet . . . prepared by the certified public accountants regularly employed by the [plaintiffs] in accordance with Generally Accepted Accounting Principles."

On June 1, 1995, Helen Sieger, individually and as the president of KHCC, and her father, Michael Tenenbaum, executed an indemnity agreement, which obligated them to indemnify the plaintiffs, inter alia, for "any and all claims," including attorney's fees, arising out of the operation of the nursing homes after June 1, 1995, as well as the liabilities listed in the final accounting. In June 1995 there was an "interim closing," with KHCC making a down payment of $1,300,000 towards the purchase price. After the final accounting was completed in May 2000 for the period ending on May 31, 1995, the plaintiffs attempted to schedule the final closing for July 18, 2000. However, KHCC was unable to attend, and never responded to the plaintiffs' request to reschedule, nor did it pay the balance of the purchase price.

In November 2000 the plaintiffs commenced this action to recover the unpaid balance of the purchase price, plus the attorney's fees incurred to enforce the agreement of sale and the indemnity agreement. Shortly before the trial began, the Supreme Court granted the plaintiffs' two pretrial motions to preclude the defendants from presenting any evidence or calling any expert witnesses to challenge the final accounting. During the trial, the court granted the defendants' motion, in effect, for renewal, but adhered to its original determinations precluding the proffered evidence and expert testimony.

Contrary to the defendants' contention, the trial court providently exercised its discretion in precluding the expert testimony. Although CPLR 3101 (d) (1) (i) does not establish a specific time frame for expert witness disclosure, a trial court has the discretion to preclude expert testimony for the failure to reasonably comply with the statute (*see generally Silverberg v Community Gen. Hosp. of Sullivan County,* 290 AD2d 788 [2002]). In the present case, the defendants did not offer any explanation for their inordinate delay in disclosing the identity of their expert witness, his credentials, and the specific subject matter of his expected testimony (*see Interfilm, Inc. v Advanced Exhibition Corp.,* 249 AD2d 242, 243 [1998]; *Vigilant Ins. Co. v*

*Barnes,* 199 AD2d 257 [1993]; *Bauernfeind v Albany Med. Ctr. Hosp.,* 195 AD2d 819, 820 [1993]).

The trial court also providently exercised its discretion in precluding the defendants from presenting any evidence at the trial to refute the final accounting. The Agreement of Sale clearly and unambiguously provided that the purchase price would be determined by a final accounting prepared by the plaintiffs' accountants. The final accounting was conclusive unless the defendants were able to show the existence of fraud, bad faith, or palpable mistake (*see Tufano Contr. Corp. v Port of N.Y. Auth.,* 18 AD2d 1001 [1963], *affd* 13 NY2d 848 [1963]). Since the defendants failed to plead any one or more of these affirmative defenses with sufficient particularity, the Supreme Court properly precluded the subject evidence (*see* CPLR 3016 [b]; *Eastbank v Phoenix Garden Rest.,* 216 AD2d 152 [1995]; *cf. Alizio v Perpignano,* 225 AD2d 723, 724-725 [1996]; *Big Apple Car v City of New York,* 204 AD2d 109, 111 [1994]).

We note that the judgment entered September 10, 2003, was based on a jury verdict rendered on April 8, 2003, before the death of the defendant Michael Tenenbaum on August 25, 2003 (*see* CPLR 5016 [d]). Florio, J.P., Crane, Fisher and Dillon, JJ., concur.