■ NINA FOX, Appellant, v NORRIS FOX, Respondent. (Action No. 1.) NORRIS FOX, Respondent, v NINA FOX, Appellant. (Action No. 2.) [843 NYS2d 846]—In an action, inter alia, to recover damages for medical malpractice and abuse of process (action No. 1), and an action for a divorce and ancillary relief (action No. 2), Nina Fox appeals from order of the Supreme Court, Westchester County (Tolbert, J.), entered May 13, 2005, which denied her motion pursuant to CPLR 602 to consolidate the two actions.

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered January 13, 2006, which, upon a decision of the same court dated September 22, 2005, made after a nonjury trial, inter alia, awarded the plaintiff sole custody of the parties' children, awarded the defendant only supervised visitation with the parties' children, denied her an award of maintenance, directed her to pay child support in the amount of $1,039 per month and 27% of statutory "add-ons" for the expenses of child care, education, and extracurricular activities of the parties' children, and directed her to pay an attorney's fee in the amount of $42,642.42 to the plaintiff.

Ordered that the judgment is modified, on the law and in the exercise of discretion, (1) by deleting from the fifth decretal paragraph thereof the words "in the amount of $1,039.00 per month, which shall be paid to the plaintiff in weekly installments of $259.00," and substituting therefor the words "in the amount of $75.00 per week," (2) by deleting from the sixth

decretal paragraph thereof the words "27% of the statutory add-ons," and substituting therefor the words "10% of the statutory add-ons," (3) by deleting from subparagraph "(b)" of the seventh decretal paragraph thereof the words "$14,000.00, representing defendant's 50% share of the parties' educational loan debt of $28,000," and substituting therefor the words "$7,500.00, representing the defendant's 50% share of her educational loan debt of $15,000," (4) by deleting from subparagraph "(c)" of the seventh decretal paragraph thereof the words "$31,247.46, representing the defendant's 67% share of the medical bills debt of $46,638.00," and substituting therefor the words "$23,319.00, representing the defendant's 50% share of the medical bills debt of $46,638.00," (5) by deleting subparagraph "(d)" from the seventh decretal paragraph thereof, (6) by deleting from the ninth decretal paragraph thereof the words "shall be divided 67% to plaintiff and 33% to defendant. Plaintiff shall pay the defendant the sum of $79,788.72 representing her 33% share of the TD Waterhouse IRA," and substituting therefor the words "shall be divided 50% to the plaintiff and 50% to the defendant. The plaintiff shall pay the defendant the sum of $120,892.00 representing her 50% share of the TD Waterhouse IRA," (7) by deleting the fourteenth decretal paragraph thereof, and (8) by deleting from the second decretal paragraph thereof the words "[t]he defendant, Nina Fox shall have supervised visitation through a supervising agency with the minor children of the marriage until further order of the Court"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings before a different justice consistent herewith; and it is further,

Ordered that in the interim, supervised visitation as set forth in the judgment shall continue.

The Supreme Court correctly precluded testimony by the defendant's expert witnesses because the defendant had not complied with the requirements of CPLR 3101 (d) (1) (i) for expert witness disclosure (*see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 463, 464-465 [2006]).

The Supreme Court properly awarded custody of the parties' children to the plaintiff (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). However, the court should hold a hearing on the issue of visitation.

The Supreme Court erred in directing the defendant to pay child support in the amount of $1,039·per month, payable in weekly installments of $259, as well as 27% of statutory add-ons

representing the expenses of child care, education, and extracurricular activities. In light of the defendant's employment situation, the defendant should pay child support in installments of $75 per week, and we reduce to 10% her obligation for the add-ons.

The Supreme Court also erred in allocating one half of the plaintiff's educational loan debt to the defendant, as the plaintiff earned his medical license prior to the marriage. Furthermore, we deem it more appropriate to require the parties to equally divide the medical bills debt, and the plaintiff's TD Waterhouse IRA. In addition, the defendant should not have been held responsible for repayment of any part of the plaintiff's $50,000 loan from his parents.

The defendant should not have been directed to pay the plaintiff an attorney's fee in the amount of $42,642.42 (see Domestic Relations Law § 237 [a]).

The parties' remaining contentions either are without merit or have been rendered academic by the determination of this Court. Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.