Sergey Sushchenko et al., Appellants, v Dyker Emergency Physicians Service, P.C., et al., Respondents, et al., Defendant. [929 NYS2d 492]—

The trial court providently exercised its discretion in precluding the plaintiffs' expert witness from testifying regarding causation on the ground that proper CPLR 3101 (d) disclosure was not provided (*see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 463, 464 [2006]; *Hubbard v Platzer*, 260 AD2d 605 [1999]; *Rassaei v Kessler*, 252 AD2d 577 [1998]; *cf. McGlauflin v Wadhwa*, 265 AD2d 534 [1999]). Proper disclosure of an expert neurologist who was to testify on the subject of causation was not provided to the respondents until several days after the trial had commenced (*see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d at 464-465; *Hubbard v Platzer*, 260 AD2d at 605; *Rassaei v Kessler*, 252 AD2d at 577). The plaintiffs failed to show good cause for this untimely disclosure (*see Quinn v Artcraft Constr.*, 203 AD2d 444, 445 [1994]; *Corning v Carlin*, 178 AD2d 576, 577 [1991]).

Expert testimony is necessary to prove a deviation from the accepted standard of medical care and to establish proximate cause where, as here, the matter is not within the experience of the ordinary juror (*see Lyons v McCauley*, 252 AD2d 516, 517 [1998]). When the testimony of a necessary expert witness is precluded, and it is therefore impossible to make out a prima facie case, it is proper to dismiss the complaint (*see Bickford v St. Francis Hosp.*, 19 AD3d 344, 346 [2005]; *Rossi v Matkovic*, 227 AD2d 609 [1996]; *Kalkan v Nyack Hosp.*, 214 AD2d 538, 539 [1995]). The complaint was, therefore, properly dismissed insofar as asserted against the respondents pursuant to CPLR 4401 (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Godlewska v Niznikiewicz*, 8 AD3d 430, 431 [2004]; *Smith v Vosburgh*, 176 AD2d 259 [1991]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.

---

Motion by the respondents Dyker Emergency Physicians Service, P.C., and B.N. Nigam on an appeal from a judgment of the

Supreme Court, Kings County, dated March 16, 2005, to strike stated portions of the appellants' brief and reply brief. By decision and order on motion of this Court dated September 15, 2006, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.